**George YOUNG, Petitioner,**

v.

**C.E. HODDE d/b/a Aggieland Harley-Davidson et al., Respondents.**

**No. C–3296.**

Supreme Court of Texas.

Sept. 19, 1984.

Moore, Correa & Palmer, Evette Correa, Bryan, for petitioner.

Frank Steelman, Lawrence, Thornton, Payne, Watson & Kling, Chris J. Kling, Bryan, for respondents.

PER CURIAM.

Petitioner, George Young, brought this suit against respondents, C.E. Hodde and Harley-Davidson Motor Company, Inc. under the Deceptive Trade Practices Act [1] for breach of express and implied warranties on a Harley-Davidson motorcycle sold him by Hodde. After respondents had answered, Young moved for a summary judgment on his claim. Hodde filed an answer to Young's motion for summary judgment and also filed a counterclaim against Young seeking to recover for the cost of repairs to the motorcycle. Hodde then filed a motion for summary judgment on his counterclaim. Young filed a sworn denial to the counterclaim as well as a denial to Hodde's motion, but did not amend his motion for summary judgment to seek affirmative relief on Hodde's counterclaim.

The trial court granted Young's motion for summary judgment and then rendered a judgment in the form of a final judgment which expressly denied all other relief sought in the cause. The court of appeals concluded that the trial court erred in rendering the take-nothing judgment on Hodde's counterclaim because Young's motion for summary judgment did not request

---

1. Tex.Bus. & Comm.Code Ann. § 17.41–.63.

that relief. It reversed and remanded the cause to the trial court. 672 S.W.2d 45.

We agree with the conclusion of the court of appeals that the trial court erred in rendering the take-nothing judgment against Hodde's counterclaim in the absence of a motion for summary judgment by Young seeking that relief. *Teer v. Duddlesten*, 664 S.W.2d 702 (Tex.1984). The court of appeals, however, implied that such an error in the rendition of a final judgment was jurisdictional in nature. The erroneous rendition of a final judgment is not fundamental error. *Teer*, 664 S.W.2d at 704; *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 455 (Tex.1982). Here, Hodde complained of the erroneous final judgment in his appeal; therefore, the court of appeals properly considered it.

The application for writ of error is refused, no reversible error.