The SCIENCE SPECTRUM,
INC., Petitioner,

v.

Arthur MARTINEZ, et al., Respondents.

No. 96–0496.

Supreme Court of Texas.

Argued Dec. 18, 1996.

Decided March 21, 1997.

Rehearing Overruled April 18, 1997.

Jack Flygare, John David Rosentreter, Lubbock, for petitioner.

J. Ken Nunley, Boerne, Ray Flagason, Lubbock, Thomas Black, San Antonio, for respondents.

CORNYN, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and SPECTOR, OWEN, BAKER and ABBOTT, Justices, join.

In this premises liability case we decide whether Science Spectrum, Inc., which occupied premises adjacent to that in which Arthur Martinez was injured, owed a legal duty to Martinez by virtue of its control of the premises where his injury occurred, or its creation of a dangerous condition. Based on Science Spectrum's motion for summary judgment and proof that it did not exercise control over the premises, the trial court granted the motion. The court then severed Martinez' claims against Science Spectrum from those alleged against the remaining defendants, thus rendering a final summary judgment. The court of appeals reversed and remanded, holding that "by creating a condition in the area adjacent to the leased space it controlled, Science Spectrum became responsible." —— S.W.2d ——, —— (citing *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex.1993)). We disagree with the court of appeals' interpretation of *Alexander* as applied to the facts of this case,

but for the reasons that follow, we affirm its judgment.

On June 7, 1990, Martinez received an electric shock when he cut through a live electrical wire while in the course and scope of his employment. Martinez and members of his immediate family (the Martinezes) sued numerous defendants, including Furr's, Inc.; Robert B. Bain, the Executor of the Estate of H.R. Gibson, Sr.; Smith & Fitzpatrick, d/b/a The 50th Street Caboose; and Science Spectrum, Inc., the sublessee of the premises adjacent to those where Martinez was working at the time of his injury.

The 50th Street Caboose, a restaurant in Lubbock, occupies part of a large building owned by the Estate of H.R. Gibson, Sr., but leased to and formerly occupied by Furr's, Inc. Furr's at one point partitioned the building and subleased portions to smaller businesses. Science Spectrum subleased a portion of the building and, as part of its sublease, agreed to construct a partition wall to enclose its leased space. It erected the partition in January 1989.

About one year later, Smith & Fitzpatrick, Inc. (S & F) subleased the premises adjacent to Science Spectrum and began to construct the 50th Street Caboose. Martinez was employed by S & F when he was injured. Although S & F had hired an electrical contractor to rewire its premises, S & F's foreman instructed Martinez to remove conduit and electrical wires to facilitate the rewiring. Following the foreman's assurances that there was no power to the 50th Street Caboose's space, Martinez began to remove the wiring. In so doing, he cut into a hot wire and was shocked.

Later, it was learned that although the electrical power to the 50th Street Caboose's premises had been turned off, the hot wire that Martinez cut was connected to an air conditioning compressor servicing Science Spectrum's premises. The compressor was mounted on the roof of the building over the 50th Street Caboose. The hot wire, as it was originally routed in 1969, traveled from Science Spectrum's premises through its ceiling, over the partition wall it had erected, through the 50th Street Caboose's ceiling, and out to the compressor.

The Martinezes alleged that the defendants, including Science Spectrum, "were negligent in creating and/or allowing a dangerous condition to exist on the premises which they controlled or with regard to the Science Spectrum, on adjoining premises." More specifically, the Martinezes alleged that Science Spectrum created the dangerous condition on the 50th Street Caboose's premises "by constructing a partition wall over said wiring in such a way as to create an unknown and disguised danger to individuals such as the Plaintiff, Arthur Martinez."

In its motion for summary judgment, Science Spectrum claimed in part that it owed no legal duty to Martinez because it had no control over, nor any right or duty to control, the premises where the accident occurred. The Martinezes responded that Science Spectrum caused the partition wall to be constructed in such a way that it created a condition that "in connection with the negligent acts of other co-defendants herein was a proximate cause" of Arthur's injuries. Science Spectrum replied and produced summary judgment evidence that it did not install, reroute, or alter the air compressor's wiring in any way.

Of course, summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970), or pleads and conclusively establishes each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

In reversing Science Spectrum's summary judgment the court of appeals primarily relied on our decision in *Wal–Mart Stores, Inc.*

*v. Alexander,* 868 S.W.2d 322 (Tex.1993). In that case, we held that an occupier of premises is legally responsible for adjacent premises that it actually controls. *Id.* at 324.

In *Alexander,* the plaintiff sued for injuries she suffered when she tripped over a concrete ramp leading from the parking lot to the sidewalk in front of a building Wal–Mart owned. 868 S.W.2d at 323. Although Wal–Mart constructed the ramp, Wal–Mart leased only the building, not the parking lot and sidewalk that were connected by the ramp. *Id.* Wal–Mart therefore alleged that because it did not own or occupy the premises on which the ramp was situated, it owed no duty to the plaintiff. *Id.* at 323–24. In rejecting this argument, we held that Wal–Mart owed a duty of due care to maintain the safety of the ramp. *Id.* at 325. We explained that by constructing the ramp on its own initiative and at its own expense Wal–Mart had assumed actual control over the ramp area. *Id.* at 324–25. Thus, it was Wal–Mart's control of the ramp that gave rise to its duty.

■ Science Spectrum argues that the court of appeals erred in relying on *Alexander* to find that a fact issue existed regarding Science Spectrum's liability for creating a dangerous condition on the adjacent premises, because Science Spectrum had no control over the premises on which Martinez was injured. We agree.

The summary judgment evidence shows that (1) Science Spectrum's sublease required it to erect a dividing wall to enclose its space within the building; (2) in erecting the wall, Science Spectrum did not install, reroute, modify, or change the wire feeding electricity to the air compressor servicing its space; (3) the 50th Street Caboose later occupied and controlled the premises adjacent to Science Spectrum; and (4) Martinez was injured when performing work for and on the 50th Street Caboose's premises. Viewing this evidence in the light most favorable to the Martinezes, we hold that the court of appeals erred in relying on *Alexander.* By simply erecting a wall around its own leased

premises to separate that space from the rest of the building, Science Spectrum did not exercise control over the area adjacent to its premises in a way analogous to the facts in *Alexander.* This conclusion, however, does not end our inquiry.

A motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *see* TEX.R.CIV.P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."). In other words, in determining whether grounds are expressly presented, we may not rely on briefs or summary judgment evidence. *See McConnell,* 858 S.W.2d at 341.

■ The Martinezes alleged that Science Spectrum was liable for creating a dangerous condition on the adjacent premises. We have recognized that under some circumstances, one who creates a dangerous condition, even though he or she is not in control of the premises when the injury occurs, owes a duty of due care. *See City of Denton v. Page,* 701 S.W.2d 831, 835 (Tex.1986) (citing *Strakos v. Gehring,* 360 S.W.2d 787, 790 (Tex.1962)). Science Spectrum's motion for summary judgment addressed only the issue of its control of the premises where Martinez' injury occurred. It did not address the allegation that it had created a dangerous condition. Because it did not raise this ground in its motion, we hold that Science Spectrum is not entitled to a summary judgment on this claim.

Accordingly, we affirm the court of appeals' judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

ENOCH, Justice, joined by GONZALEZ and HECHT, Justices, dissenting.

I join in the Court's conclusion that Science Spectrum established as a matter of law

that it did not occupy or possess the premises on which Martinez was injured. Therefore, it is not liable as a premises occupier to Martinez for his injuries. I do not, however, join the Court's conclusion that Science Spectrum failed to address in its motion for summary judgment Martinez's claim that he was injured by a dangerous condition created by Science Spectrum. The Court reads Science Spectrum's motion with too narrow a vision. Judgment should be rendered for Science Spectrum. Because the Court does not do so, I dissent.

The seminal case on the issue before us is *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322 (Tex.1993). In that case, as noted by the Court, we concluded that a premises occupier who constructs and maintains an improvement that causes injury may be liable for the injury although the improvement is not located on the premises actually occupied. *Id.* at 324–25. Generally speaking, one who is a premises occupier has a duty only to guard against dangerous conditions on the property it occupies or controls. In *Alexander*, we held that for purposes of liability, one may also "control" improvements it constructs and maintains even though those improvements are not physically on "occupied" premises. *Id.* In other words, if a premises occupier creates a dangerous condition on adjacent, unoccupied property, it can be held liable for injuries caused to another by that condition.

The Court errs when it says Science Spectrum failed to address this latter matter in its motion for summary judgment. In its motion for summary judgment, Science Spectrum argued:

> "the uncontradicted summary judgment evidence establishes as a matter of law that SCIENCE SPECTRUM, INC., did not control *nor have a ... duty to control* the area where the accident occurred...."

Science Spectrum also argued that it "neither controlled, nor tried to control the work going on at the [adjacent property]."

Responding to Martinez's appeal from the trial court's summary judgment, Science Spectrum cited to the trial court record and reiterated that it "neither controlled nor tried to control the construction work on the premises." Finally, in its Application for Writ of Error to this Court, Science Spectrum asserts that it "did not control ... the 'instrument' (i.e., the wire) that caused Martinez's injuries."

Frankly, I fail to see what more Science Spectrum could have argued to challenge Martinez's claim that it created a dangerous condition. The causes of action Martinez asserts against Science Spectrum are either that it controlled the premises on which he was injured, or that Science Spectrum created the dangerous condition which injured him. Science Spectrum's motion for summary judgment clearly presents to the trial court challenges to both claims. The Court errs in not addressing the latter issue.

Regarding this latter issue, the Court concedes that Science Spectrum "replied and produced summary judgment evidence that it did not install, reroute, or alter the [electrical lines]" that Martinez alleges caused his injury. —— S.W.2d ——. It is also true that Martinez nowhere asserts that Science Spectrum did any of those things. Rather, Martinez seems to claim that Science Spectrum, by erecting a wall to enclose its own space, essentially misrepresented that on the adjacent, unenclosed premises there were no existing dangerous conditions. We have not decided a case, and Martinez has not cited us to any authority elsewhere, supporting this novel theory of liability. To the contrary, we have concluded under analogous circumstances that only by creating the dangerous condition is one liable to others injured by that condition. *See City of Denton v. Page*, 701 S.W.2d 831 for the ("dangerous condition of the storage building because it neither owned, occupied nor controlled the premises, nor did it create the dangerous condition"); *Alexander*, 868 S.W.2d at 324 (imposing on the defendant a "duty of reasonable care to maintain the safety of the ramp once it built and exercised control over it"); *see also* RESTATEMENT (SECOND) OF TORTS § 364(a) (1965) (explaining that the possessor of land is liable

to another for an injury caused by a condition "the possessor *has created*") (emphasis added).

Science Spectrum challenged Martinez's claim that it created a dangerous condition on the adjacent property. Further, Science Spectrum presented summary judgment evidence, which was undisputed, that it did not exercise control over the "hot" electrical wire running through the adjacent property on which Martinez was injured. Consequently, as a matter of law, Science Spectrum cannot be liable for any injury caused by that electrical wiring.

Judgment should be rendered for Science Spectrum. Because the Court does not do so, I dissent.