NUMBER 13-98-603-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JOEL T. PENA, Appellant,

v.



M. K. TIDWELL COMMERCIAL

REALTY, LTD., ET AL. Appellees.

____________________________________________________________________


On appeal from the 103rd District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez 

Opinion by Justice Yañez


 M.K. Tidwell Commercial Realty, Ltd., Larry Jokl, and John Wood,
appellees, brought suit seeking a declaratory judgment setting aside a
restrictive covenant on their deeds. Joel Pena, appellant, was a
defendant in the declaratory judgment suit. The trial court granted
summary judgment for the appellees, and from that judgment Pena
now appeals. We reverse and remand.

 All of the property involved in this suit was originally owned by
Kenneth and Ada Slater. The Slaters subdivided their property and
began selling lots in 1963.(1) Most of the deeds contained a restrictive
covenant that all the lots in the subdivision would remain residential,
with the exception that lots seventeen, eighteen, nineteen and twenty
could be retail. The deeds stated that the restrictive covenants were to
be enforceable by any person who owned any land contained in the
subdivision. The deeds further stated that the covenants were "to run
with the land, and . . . be binding upon all the parties and all persons
claiming under them for a period of twenty five (25) years [.]" Appellees
own eight lots in the subdivision. Larry Jokl and John Wood own lots
five, six, seven, eight, and nine; the original deeds all contain the
restrictive covenant. These lots were all purchased in August, 1983. 
Tidwell owns lots twenty, twenty-one, and twenty-two.(2) The deed to
lot twenty does not contain the restrictive covenant, however the deeds
to lots twenty-one and twenty-two do have the restrictive covenant. 

 Appellees brought suit under the Uniform Declaratory Judgments
Act, seeking to have the restrictive covenants on their properties
declared void. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon
1997). Appellees also sought a judgment that the twenty-five year
duration of the covenants had expired. On March 2, 1998, appellees
filed a motion for summary judgment, which was granted with an order
dated June 26, 1998. In the motion, the appellees argued that once the
twenty-five year period had elapsed on a particular piece of property,
the owner of that property no longer had authority to enforce the
covenant. The motion also includes the argument that the twenty-five
year time limit on the restrictions began to run in 1964, when the first
lot containing the restriction was sold.

 "A motion for summary judgment must itself expressly present the
grounds upon which it is made, and must stand or fall on these
grounds alone." Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
912 (Tex. 1997); Pena v. State Farm Lloyds, 980 S.W.2d 949, 952 (Tex.
App.--Corpus Christi 1998, no pet). On appeal, the only grounds the
appellate court is to consider are those grounds expressly presented in
the motion. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex.
1992); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
677 (Tex. 1979); Pena, 980 S.W.2d at 952. The rules applied by an
appellate court when reviewing a summary judgment are:

(1) The movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to
judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken
as true; and (3) every reasonable inference must be indulged
in favor of the nonmovant and any doubts must be resolved
in favor of the nonmovant. 


American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997) (citing Nixon v. Mr. Property Management Co., 690 S.W.2d 546,
548-49 (Tex. 1985)).

 Appellant argues, in his first issue, that the appellees have failed
to demonstrate that they have an interest in the real property which is
the subject of this suit. Appellant alleges that appellees have failed to
produce any evidence that they own lots in the Slater subdivision. It
appears that appellant is arguing that appellees do not have legal
capacity to bring this suit. However, a claim that a plaintiff lacks the
legal capacity to sue must be brought to the attention of the trial court
by a verified pleading. Tex. R. Civ. P. 93 (1). Failure to file such a
verified pleading prior to the signing of a judgment constitutes waiver. 
Tex. R. Civ. P. 90. If appellant is alleging a lack of capacity, then he
waived this point by not raising it in a verified pleading before the trial
court.

 Arguably, appellant is actually attacking appellees' standing,
which may be raised for the first time on appeal. See Nootise v.
Williamson County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996). 
In the interest of justice, we will consider the argument that appellees
have failed to produce evidence of their standing to bring this suit. In
fact, appellant provided evidence of appellees' ownership in his
response to appellees' motion for summary judgment. In his affidavit
supporting his response, appellant states that appellees seek to remove
restrictive covenants from appellees' property. Appellant has himself
stated, in his affidavit, that appellees have an interest in property
subject to the restrictive covenant in question. Issue number one is
overruled.

 With his second issue, appellant contends that the trial court erred
in ruling that appellant had no right to enforce the restrictive covenants
because the restrictions on appellant's land had expired. In essence,
the trial court held that when the twenty-five year period has expired on
a piece of property, the owner of that property loses the right to enforce
the restrictive covenant on other owners. 

 The Texas Supreme Court has addressed this issue in Curlee v.
Walker, 112 Tex. 40, 244 S.W. 497 (Tex. 1929). In Curlee, the
restrictive covenant was written so as to be in force for ten years from
the date each piece of property was purchased. Id. at 497. The court
held that if a restrictive covenant is adopted by the owner of a tract of
land as part of a general plan or scheme for the benefit of each
purchaser of a part of that land, each purchaser, and his assigns, may
enforce the covenant against any other purchaser or his assigns, until
the covenant expires on the other purchaser's property. Id. at 498. The
restriction may only be enforced against a purchaser or his assign if he
bought with actual or constructive knowledge of the general plan or
scheme. Id. The supreme court held that if purchasers have conformed
to the restrictions, "there surely could be no equity for them to demand
the observance by the last one of his obligations . . . according to the
plan." Id. at 499. A purchaser who has abided by the restrictive
covenant may enforce that covenant, even after it has expired on his
property, against later purchasers, until it has expired on those later
purchasers' properties. Id. 

 In the instant case, appellees admit in their pleadings that the
Slater subdivision was developed under a general plan or scheme. 
Furthermore, the restrictive covenant in each deed states that all the
lots in the subdivision are restricted to residential use, except for lots
seventeen, eighteen, nineteen, and twenty. Thus, appellees had actual
knowledge of the existence of the general scheme or plan. The
appellant may enforce the restrictions on the appellees, as long as the
restrictions on the appellees' properties are still in effect. See Curlee
244 S.W. at 499. The trial court was incorrect in issuing a summary
judgment stating that the period during which appellant had the right
to enforce the covenant expired in 1997.(3) Appellant has a right to seek
to have the restriction enforced against any owner who is still under the
restriction. Issue number two is sustained.

 In his third issue, appellant contends that the trial court erred in
ruling that the restrictive covenants were void as they applied to the
appellees' property, and that the restrictions had expired. To address
this issue, we must determine if the trial court correctly interpreted the
restrictive covenant. 

 Restrictive covenants are subject to the general rules of
contract construction. Whether restrictive covenants are
ambiguous is a question of law. Courts must examine the
covenants as a whole in light of the circumstances present
when the parties entered the agreement. Like a contract,
covenants are "unambiguous as a matter of law if [they] can
be given a definite or certain legal meaning." 


Pilarcik v. Emmons, 966 S.W.2d 474, 478 (Tex. 1998) (citations
omitted). Courts may not consider extraneous evidence to interpret a
contract, unless the contract is first determined to be ambiguous. 
Kelley-Coppedge, Inc. v. Highland Ins., 980 S.W.2d 462, 464 (Tex.
1998). Ambiguity in contracts has been classified as being "patent" or
latent." "[P]atent ambiguity is evident on the face of the contract . . .
latent ambiguity arises when a contract which is unambiguous on its
face is applied to the subject matter with which it deals and an
ambiguity appears by reason of some collateral matter." National Union
Fire Ins. v. CBI Indus., 907 S.W.2d 517, 520 (Tex. 1995) (citations
omitted). If a contract is not fairly susceptible to more than one
meaning, extrinsic evidence is inadmissible to vary or contradict the
meaning of the explicit language of the contract. Id. at 521.

 In the instant case, the restrictive covenants are not ambiguous. 
The deeds containing the covenant state that the "covenants are to run
with the land and shall be binding upon all parties and all persons
claiming under them for a period of twenty five (25) years[.]" Without
looking at any evidence outside of the deed, each restrictive covenant
is susceptible of only one meaning: the property is to remain residential
for twenty-five years following the signing of the deed. 

 The record shows that the properties now owned by Jokl and
Wood were originally purchased in 1983. The twenty-five year period
began running at the time of the purchase, therefore these properties
are bound by the restrictions until the year 2008. The trial court erred
in granting summary judgment for the plaintiffs, in regards to these
pieces of property: they are still under the restrictions, and appellant has
the right to enforce these restrictions. However, the deeds contained
in the record show that lot twenty was originally purchased in 1973, lot
twenty-one was originally purchased in 1972 and lot twenty-two was
originally purchased in 1974. The restrictions have expired for these
pieces of property.(4) 

 The trial court erred in granting summary judgment, holding that
the appellant's right to enforce the restrictive covenant expired in "1996
or 1997." Appellant may enforce the restrictions upon any owner who
is still bound by the restrictions. Lots five, six, seven, eight and nine are
still bound by the restrictive covenants. The restrictive covenants have
expired for lots twenty, twenty-one, and twenty-two, and the summary
judgment is proper as to these lots.

 The judgment of the trial court is AFFIRMED, as it refers to lots
twenty, twenty-one, and twenty-two. The judgment of the trial court,
as it refers to lots five, six, seven, eight, and nine, and insofar as it holds
that appellant may not enforce the restrictive covenant as to these lots,
is REVERSED and REMANDED for further proceedings consistent with
this opinion.



 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

2nd day of November, 2000.


1. The first lots sold were sold by Kenneth and Ada Slater. Later,
sales were made by Kenneth Slater alone, as Ada had passed away. 
The lots owned by Jokl and Wood were originally purchased from a
person acting under a power of attorney for Kenneth Slater. 
Throughout this opinion, we will refer to all of the properties as having
been purchased from Slater, whether the properties were purchased
from Kenneth and Ada, Kenneth alone, or Kenneth's assignee.
2. Lot twenty was originally purchased from Kenneth Slater by
Jesus and Hortencia Gonzalez in 1973, Lot twenty-one was originally
purchased from Slater by Domingo and Estela Salazar in 1972, and Lot
twenty-two was originally purchased by Mariano and Virginia Caballero
in 1974.
3. The trial court held that the covenants on appellant's property
"expired by lapse of time in the years 1996 and 1997." Apparently, the
trial court was calculating twenty-five years from the dates appellant's
property was originally purchased, in 1972. There is no explanation in
the record to support the ruling that the time lapsed in 1996.
4. In any event, lot twenty was one of the lots that, by the terms of
the restrictive covenant, could be used for retail purposes.