11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ouida Moore et al

Appellants

Vs.                   No.
11-00-00174-CV  --  Appeal from Nolan County

Energy States, Inc. d/b/a E.S.I. et al

Appellees

 

Ouida Moore and the other appellants/plaintiffs[1]
brought suit to obtain possession of and title to real property and also to
recover damages related to the drainage of oil from that property.  The defendants moved for summary judgment on
the following grounds: (1) the plaintiffs=
predecessors in interest had no title to the disputed property and (2)
alternatively, any title held by the plaintiffs=
predecessors was transferred to the defendants=
predecessor in interest as a matter of law under the appurtenances doctrine,
the strip-and-gore doctrine, or the doctrine of estoppel by deed.  The trial court found that the defendants
were entitled to judgment as a matter of law on each of these grounds and
entered summary judgment in favor of the defendants.[2]  We affirm.

In two issues on appeal, the plaintiffs assert
that the granting of summary judgment was erroneous.  We will apply the well-recognized standard of review for
traditional summary judgments.  We must
consider the summary judgment evidence in the light most favorable to the non-movants,
indulging all reasonable inferences in their favor, and determine whether the
movants proved that there were no genuine issues of material fact and that they
were entitled to judgment as a matter of law. 
Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546
(Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671
(Tex.1979).  In order to be entitled to
summary judgment, a defendant must either disprove an element of each cause of
action or establish an affirmative defense as a matter of law.  Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex.1997).  

The property in question in this case is a narrow
strip of land containing between 10 and 25 acres along, under, and between a
railroad right-of-way and a pubic road in Lots Nos. 10 and 11 of the Herndon
Pasture Subdivision in Nolan County.[3]  The plaintiffs claim ownership of the
disputed property as the heirs of C. B. and Fannie Johnston.  The Johnstons owned real property in Nolan
County and sold it in 1945 to the defendants=
predecessor in interest, Lance Sears. 
The plaintiffs assert that the disputed strip of land was excepted from
the deed and retained by the Johnstons. 
The deed from the Johnstons to Sears indicates that Sears purchased
580.7 acres of land Aout
of@ 3 contiguous
tracts:  210.9 acres out of the middle
third of the H. J. Stockman Survey No. 291, 184.4 acres out of Lot No. 10 of
the Herndon Subdivision, and 185.4 acres out of Lot No. 11 of the Herndon
Subdivision.  The deed recites that the
entire tract lies ASouth
of the T. & P. Ry. Co. right of way and South of the Public road which lies
immediately south of said T. & P. Ry. Co. right of way.@  The metes and bounds description in this deed indicates that the
northern boundary of the property is the southern boundary line of the public
road.  The deed also grants to Sears all
Arights and
appurtenances thereto.@  

The summary judgment evidence shows that, although
the Johnstons did not expressly reserve any land in the deed, they Acontinued to claim title
and assert dominion over the land@
lying north of the southern boundary line of the public road.  The record also shows that the Johnstons and
their heirs have paid taxes through the years on 3 acres of property located in
Lot No. 10 and 7 acres of property located in Lot No. 11.  The plaintiffs=
summary judgment evidence includes an affidavit








made by surveyor Stanley Morris. 
Morris conducted a survey and determined that a parcel of land exists
that was not conveyed in the deed from Johnston to Sears.  According to Morris, this parcel of land is
north of the south boundary line of the public road and includes land that is
subject to the public road right-of-way or the railroad right-of-way and land
that is between the two rights-of-way and subject to neither easement.  

The summary judgment evidence also contains the
deeds wherein the Johnstons obtained these three tracts of land.  The deeds reflect that the Johnstons
purchased 238.4 acres out of the middle third of the H. J. Stockman Survey No.
291.  The documents show that the
Johnstons purchased Lot No. 10 and Lot No. 11, containing 191 and 190 acres
respectively.  The plat for these three
tracts indicates acreage of 206 acres for the middle third, 191 acres for Lot
No. 10, and 190 acres for Lot No. 11. 
The plat does not display the public road, and it reflects that the
northern boundary of these tracts adjoins the railroad right-of-way.            Under the strip-and-gore doctrine, unless the grantor
explicitly reserves with plain and specific language in the deed a fee in a
narrow strip of land adjoining the conveyed land, it is presumed that a grantor
has no intention of reserving a fee in a narrow, adjoining strip of land when
the strip ceases to be of use by virtue of the conveyance.  Cantley v. Gulf Production Co., 143 S.W.2d
912 (Tex.1940); Cox v. Campbell, 143 S.W.2d 361 (Tex.1940). According to
well-established law in Texas, when a deed conveys land abutting a street,
public highway, or railroad right-of-way, title to the center of the street,
public highway, or railroad right-of-way also passes by the deed.  State v. Fuller, 407 S.W.2d 215 (Tex.1966);
Cox v. Campbell, 143 S.W.2d 361 (Tex.1940); Rio Bravo Oil Co. v. Weed, 50
S.W.2d 1080 (Tex.1932), cert. den=d,
288 U.S. 603 (1933); Reagan v. Marathon Oil Company, 50 S.W.3d 70 (Tex.App. -
Waco 2001, no pet=n).  This general rule applies even if the
description of the land in the deed or field notes terminates at the street,
public highway, or railroad right-of-way, unless a contrary intention is
expressed in plain and unequivocal terms. 









Following such policy, the supreme court has also
applied the strip-and-gore doctrine to a strip of land not used for highway or
railroad purposes.  In Cantley,
the deed described the land being conveyed by using an adjoining narrow strip
as a boundary.  The court held that a
fee in the narrow strip was not explicitly reserved; that the strip was no
longer of use to the grantor; and that, therefore, the narrow adjoining strip
was conveyed. 

Many years ago, our supreme court defined estoppel
by deed as follows:

A[A] man may bind himself
irrevocably by putting his seal to a grant or covenant, and will not be allowed
to disprove or contradict any declaration or averment contained in the
instrument, and essential to its purpose. 
A recital or allegation in a deed or bond which is certain in its terms,
and relevant to the matter in hand, will therefore be conclusive between the
parties in any controversy growing out of the instrument itself, or the
transaction in which it was executed.@  Duchess of Kingston=s Case, 2 Smith, Lead.  Cas. (8th Amer.  Ed.) note, p. 819, and cases cited.  The doctrine of an estoppel by deed is...founded upon the theory
that the parties have contracted upon the basis of the recited facts.  

 

Williams v. Hardie, 22 S.W. 399, 401 (Tex.1893); see also Adams
v. Duncan, 215 S.W.2d 599, 603 (Tex.1948); Greene v. White, 153 S.W.2d 575,
583-86 (Tex.1941).  In the present case,
the deed conveying the land from the Johnstons to Sears stated that the public
road Alies immediately
south@ of the railroad
right-of-way.  Thus, the Johnstons and
their successors in interest are estopped from denying that the public road
lies immediately south of the railroad right-of-way and from claiming title to
land between the public road and railroad right-of-way.  

We hold that the trial court properly granted
summary judgment in favor of the defendants. 

The Johnstons conveyed title to any and all appurtenances, which
would include the public road and railroad rights-of-way.  The deed to Sears indicates that the public
road Alies immediately
south@ of the railroad
right-of-way.  Consequently, the
plaintiffs are estopped from claiming that a parcel of undeeded land exists
between the two rights-of-way.  The land
that may lie between the two rights-of-way was not expressly reserved in the
deed to Sears and is, consequently, covered by the strip-and-gore
doctrine.  The issues on appeal are
overruled.  

The judgment of the trial court is affirmed.  

 

W. G. ARNOT, III

CHIEF JUSTICE

February 14, 2002

Publish. 
See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot,
C.J., and Wright, J.











     [1]The plaintiffs are Ouida Moore, Roberta Starkey, Marion
Hall, David Joe Starkey, Bill Clarence Starkey, and Marilyn Elaine
Starkey.  





     [2]The defendants are Energy States, Inc. d/b/a E.S.I.;
Texzona Corporation; James Robert Hill; Virginia Glenn Hill Lattimore; James
Robert Hill and Virginia Glenn Hill Lattimore, trustees of the Houston and Emma
Hill Trust Estate; Bill M. Scales; C.C.B. Production, Inc.; Don Winn; the
Estate of M.L. Richards, deceased; B.W.G. Production, Inc.; William R.
Robinson; John W. Berry; the Estate of Tom Berry; Michael D. Winn; Elizabeth H.
Winn; David G. Holley; James Walker; William Carl Pfluger and Addison Lee
Pfluger, individually and as executors of the Estate of Carl R. Pfluger,
deceased; Vivian Sears Streater; Mollie Sears Bye; Billy Sears Barlow; Margaret
Sears Brown; Margie Sears Wells; Dan Turner Laughter, III; Judy Laughter Nalda;
First National Bank of Abilene, trustee of the Arthur Paul Hodge Trust; First
National Bank of Abilene, trustee of the Richard Hunt Hodge Trust; Frances May
Sears; First National Bank of Sweetwater, trustee of the Suzanne Sears
Easterling Trust; First National Bank of Sweetwater, trustee of the Sandra
Sears Lockridge Trust; First National Bank of Sweetwater, trustee of the Sandra
Lowenfield Trust; Woodsfield Exploration, Inc.; Abilene Leasing Company; and H.
E. Graham.   





     [3]The defendants dispute that any land exists between the
railroad right-of-way and the public road; however, for purposes of summary
judgment only, they have assumed that such land exists.