In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00172-CV


______________________________




HENRY S. HEWES, D.O., Appellant



V.



RED RIVER HOSPITAL AUTHORITY, d/b/a


RED RIVER GENERAL HOSPITAL, Appellee




 


On Appeal from the 6th Judicial District Court


Red River County, Texas


Trial Court No. 78-CV-3-00




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Henry S. Hewes, D.O., appeals the trial court's granting of Red River Hospital
Authority, d/b/a Red River General Hospital's motion for summary judgment. Hewes sued
Red River and East Texas Medical Center Regional Healthcare System (ETMC) for breach
of contract. Red River filed a motion for summary judgment, which the trial court granted. 
The trial court then severed the case, making the summary judgment final and appealable. 
Hewes contends on appeal that summary judgment was improper because there is a
material question of fact remaining regarding whether Red River General Hospital ceased
operations. 

 In June 1995, Hewes, a physician, entered into an employment contract with Red
River. Red River is a political subdivision of the State of Texas, created under the
provisions of Section 262 of the Texas Health and Safety Code. Under Section 262.022,
Red River operated and maintained Red River General Hospital. The contract between
Hewes and Red River obligated Red River to guarantee Hewes a salary of $150,000.00
per year for a period of two years. Hewes performed all of the obligations required under
the contract. 

 The two-year contract specifically provided for the termination of the contract "before
the end of the one [sic] year period on the occurrence of any of the following events: . . .
(f) [i]f Red River General Hospital ceases operation." On February 2, 1996, Red River,
who under Section 262.022 may lease a hospital it owns and operates, entered into a
lease agreement with ETMC whereby Red River leased the Red River General Hospital
premises and operation to ETMC. See Tex. Health & Safety Code Ann. § 262.022
(Vernon 2001). ETMC's lease began April 1, 1996. ETMC terminated Hewes' contract,
and no payments were made to him after this date.

 Hewes contends the trial court erred in granting summary judgment and finding that
Red River General Hospital ceased to operate as a hospital. When reviewing a summary
judgment, this Court must view the evidence in favor of the nonmovant, resolving all doubts
and indulging all reasonable inferences in favor of reversal of the summary judgment. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985). The standards that must
be applied when reviewing a summary judgment have been clearly mandated by the Texas
Supreme Court: 

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law. 


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true. 


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor. 

 

Id. at 548-49. Further, this Court must not consider evidence that favors the movant unless
it is uncontroverted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391
S.W.2d 41, 47 (Tex. 1965). 

 A defendant-movant is entitled to summary judgment if such party establishes, as
a matter of law, that at least one element of the plaintiff's cause of action does not exist. 
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). The judgment of the
trial court cannot be affirmed on any ground not specifically presented in the motion for
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675
(Tex. 1979). Red River filed a motion for summary judgment on grounds that 1) as a state
agency, it is immune from suit by sovereign immunity, and 2) the evidence conclusively
shows that one or more of the essential elements of Hewes' breach of contract does not
exist because the contract terminated on its own terms. The trial court granted the
summary judgment, specifically finding Red River General Hospital ceased operations and
the employment contract between Red River and Hewes terminated by its own terms when
Red River General Hospital ceased to operate as a hospital.

 Hewes contends a genuine question of fact remains as to whether Red River
General Hospital has ceased operations as a hospital. Hewes contends the testimony of
James G. Wood, former president of Red River, shows Red River General Hospital did not
cease operations. The hospital officially changed hands April 1, 1996. At no time did the
facility cease to function as a hospital. Wood testified that, on March 31, 1996, the hospital
was run by Red River and services could be received and at no time did the facility shut
its doors when ETMC took over April 1, 1996. Hewes' contention is that, because the
hospital never ceased operations, Red River General Hospital did not cease operations. 


 However, Wood's testimony refutes this idea. Although at all times Clarksville had
a hospital doing business at the same location, on April 1, 1996, the facility changed hands
and operators. Wood testified the lease provided that ETMC could change the name of
the facility and that it did so, changing the name on the sign to East Texas Medical Center. 
Woods further testified that, before ETMC took over, Red River had a two-fold purpose. 
It was to take care of bond indebtedness and to operate a hospital. "When East Texas
took over, the operating of the hospital responsibilities were taken from the Authority." The
lease agreement turned over operating responsibilities of the hospital to ETMC. Although
Red River still exists and a hospital is still being operated on the same premises, the
evidence clearly shows Red River leased the premises to ETMC and no longer operates
the hospital; in fact, the name on the sign is no longer Red River General Hospital, but East
Texas Medical Center.

 We affirm the trial court's summary judgment that Red River General Hospital
ceased operations and, therefore, by the terms of Hewes' employment contract, the
contract terminated. 



 Donald R. Ross

 Justice


Date Submitted: September 13, 2002

Date Decided: September 19, 2002


Do Not Publish



 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 14, 2004
Date Decided:             July 28, 2004

Do Not Publish