Elva MUSTON, Appellant,

v.

NUECES COUNTY SHERIFF'S DE-PARTMENT, Larry Olivarez, in his Official Capacity as Sheriff, and the Nueces County Civil Service Commission, Appellees.

No. 13–01–809–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Dec. 11, 2003.

Jay M. Wright, Conroe, for appellant.

Deborah Rudder, Asst. County Atty., for appellees.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

## OPINION

Opinion by Justice RODRIGUEZ.

This is an appeal from the trial court's order granting summary judgment in favor of appellees, Nueces County by and through Sheriff, Larry Olivarez, the Nueces County Sheriff's Department, and the Nueces County Civil Service Commission. By three issues appellant contends the trial court erred by: (1) improperly considering and granting the motion for summary judgment instead of requiring appellees to plead special exceptions; (2) denying appellant's motion for continuance; and (3) granting summary judgment on matters not raised by the motion for summary judgment. We affirm in part, and reverse and remand in part.

## I. BACKGROUND

Appellant, Elva Muston, was terminated from her employment with the Nueces County Sheriff's Department (the Sheriff's Department) for failing to pass the state jail certification exam required by the Texas Commission on Jail Standards. Muston filed a grievance with Assistant Chief Rebecca Stutts, the department head. Stutts upheld the termination. Appellant then appealed her termination to the Nueces County Civil Service Commission (the Commission). After a hearing, the Com-

---

1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of Texas pursuant to section 74.003 of the government code, and whose assignment expired on August 31, 2003, did not participate in this decision. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

mission rendered its decision upholding appellant's termination.

Pursuant to section 158.012 of the Texas Local Government Code,[2] appellant appealed the Commission's decision to the 319th Judicial District Court of Nueces County, Texas. Appellant filed her original petition, naming the Sheriff's Department, Larry Olivarez, in his official capacity as sheriff, and the Commission, as defendants. Appellant appealed the Commission's decision, alleging it was not supported by substantial evidence. In her petition appellant also asserted her constitutional right to due process had been violated, and the Sheriff's Department was estopped from denying appellant continued employment.

In response to appellant's petition, the Sheriff's Department, Sheriff Larry Olivarez, and the Commission filed an answer and a traditional motion for summary judgment. Appellees' motion did not seek relief specific as to Nueces County.

The trial court granted summary judgment expressly disposing of all claims against Nueces County by and through Sheriff, Larry Olivarez, the Sheriff's Department, and the Commission. This appeal ensued.

## II. MOTION FOR SUMMARY JUDGMENT

■ A motion for summary judgment must itself expressly present the grounds upon which it is made and must stand or fall on these grounds alone. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *Liu v. Yang,* 69 S.W.3d 225, 227 (Tex.App.-Corpus Christi 2001, no

pet.); *see* Tex.R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."). A summary judgment cannot be affirmed on grounds not expressly set out in the motion. *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). A summary judgment that purports to dispose of causes of action not addressed in the summary judgment motion is erroneous. *Mary Kay Cosmetics, Inc. v. North River Ins. Co.,* 739 S.W.2d 608, 611 (Tex.App.-Dallas 1987, no writ) (citing *Young v. Hodde,* 682 S.W.2d 236, 237 (Tex.1984)). A trial court cannot grant more relief than was requested by a motion for summary judgment. *See Sci. Spectrum,* 941 S.W.2d at 912. A judgment that grants more relief than requested is subject to reversal. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 202 (Tex.2001); *Young,* 682 S.W.2d at 237 (Tex.1984).

## III. ANALYSIS

By issues one and three, appellant generally contends the trial court erred in dismissing appellant's appeal of the Commission's decision, and in granting summary judgment as to Nueces County because appellees' motion never requested this relief.

### A. Appeal of the Commission's decision

■ In their motion for summary judgment, appellees alleged that appellant's claims should be dismissed because appellees were either not proper parties or were protected by the doctrine of immunity. Appellees' motion stated in relevant part:

The NUECES COUNTY SHERIFF'S DEPARTMENT ("DEPARTMENT") respectfully requests the Court grant its motion for summary judgment and dismiss Plaintiff's claims against it with

**2.** Section 158.012 enables a county employee who has been demoted, suspended, or removed upon final decision of the Commission, to appeal the decision by filing a petition in the county district court. Tex. Loc. Gov't Code Ann. § 158.012 (Vernon 1999).

prejudice because the DEPARTMENT is not a jural entity amenable to suit.

\* \* \*

LARRY OLIVARES [sic] IN HIS OFFICIAL CAPACITY AS SHERIFF respectfully requests the Court grant his motion for summary judgment and dismiss Plaintiff's claims against him with prejudice because he is not liable in the capacity in which he is sued and he enjoys sovereign and governmental immunity from suit and liability.

\* \* \*

The NUECES COUNTY CIVIL SERVICE COMMISSION ("COMMISSION") respectfully requests the Court grant its motion for summary judgment and dismiss plaintiff's claims against it because it is not liable to the plaintiff in the capacity in which it is sued, because (i) it enjoys official immunity for its actions ... (ii) it is not a necessary party for jurisdictional purposes, and (iii) no provision of Chapter 158 contemplates or authorizes a judgment against it.

Appellees moved for summary judgment based solely on the grounds stated above.[3] Nowhere in the motion did appellees seek relief from appellant's appeal of the Commission's decision. The trial court, however, granted summary judgment purporting to dispose of all causes of action against appellees.[4]

In her petition, appellant sought an appeal of the Commission's decision under chapter 158 of the Texas Local Government Code. Tex. Loc. Gov't Code Ann. § 158.012 (Vernon 1999). This section allows an employee of the county who, as in this case, has been removed from her position, to appeal the decision of the Commission to a district court in the county. Id. § 158.012(a). The statute requires that a petition be filed thirty days after the decision. Id. The record shows the Commission made its decision on January 31, 2001. Appellant filed her petition in the 319th District Court of Nueces County on February 22, 2001. The Commission, through Chairperson Hector Rene Gonzalez, was then served with the petition on February 27, 2001. The filing of the petition with the district court and service on the Commission within thirty days of the Commission's decision was adequate to place the appeal before the trial court.

The trial court is to review an appeal of the Commission's decision using the substantial evidence rule as provided under section 158.0121. Id. § 158.012(b). The trial court is to either affirm the Commission's decision, reverse, or remand the case for further proceedings. Id. § 158.0121. The judgment of the district court is then appealable as in other civil cases. Id. § 158.012(b).

A review of the record and order of the court reveals the trial court did not address appellant's appeal of the Commission's decision as provided under the statute. Additionally, appellees' motion for summary judgment did not request relief from this appeal. Therefore, the trial court could not dispose of the appeal

---

3. The record of the hearing on appellant's motion for continuance reflects that limitations was argued as a basis for granting summary judgment. However, we find nothing in appellees' motion for summary judgment or plaintiff's response to support such a basis. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997); *see* Tex.R. Civ. P. 166a(c). Therefore, we will not consider this argument on appeal.

4. The trial court's summary judgment order expressly disposed of all causes of action with the exception of appellant's claims against Rebecca Stutts. When these claims were severed by a later order of the trial court, appellees' summary judgment order became a final judgment.

through summary judgment. Because the summary judgment purported to dispose of causes of action not addressed in the summary judgment motion, it was erroneous. *Mary Kay Cosmetics,* 739 S.W.2d at 611 (citing *Young,* 682 S.W.2d at 237).

### B. Granting of relief as to Nueces County

■ The relief requested in appellees' motion for summary judgment was only as to the Sheriff's Department, Sheriff Larry Olivarez, and the Commission. After the motion was filed, appellant filed a first and second amended petition including Nueces County in the style and text of the petition. Appellant also served Nueces County with the amended petition, through Judge Richard Borchard.[5] Appellees, however, did not amend their motion for summary judgment to request relief as to Nueces County. Thus, the summary judgment order granted relief which was never requested. Because a trial court cannot grant more relief than was requested by a motion for summary judgment, we find the court erred in granting summary judgment as to Nueces County. *Sci. Spectrum,* 941 S.W.2d at 912.

Because appellee's motion for summary judgment did not address the appeal of the Commission's termination decision or Nueces County as a party, the trial court's order granted more relief than requested. Therefore, we sustain issues one and three on this basis. Because of our disposition of appellant's first and third issues, we need not address her remaining issues. *See* TEX.R.APP. P. 47.1.

## IV. CONCLUSION

Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion. Appel-

lant does not challenge the trial court's summary judgment as to the Sheriff's Department, Sheriff Larry Olivarez, or the Commission and therefore, we affirm the trial court's judgment as to these parties.

Retired Justice DORSEY not participating.

---

5. At this time we do not address whether Nueces County had been properly joined as a defendant, as this issue was not raised in appellees' summary judgment.