NUMBER 13-01-809-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ELVA MUSTON,                                                               Appellant,

v.

NUECES COUNTY SHERIFF’S DEPARTMENT,
LARRY OLIVAREZ, IN HIS OFFICIAL CAPACITY 
AS SHERIFF, AND THE NUECES COUNTY 
CIVIL SERVICE COMMISSION,                                           Appellees.
___________________________________________________________________

On appeal from the 319th District Court
of Nueces County, Texas.
__________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Dorsey



Opinion by Justice Rodriguez
         This is an appeal from the trial court’s order granting summary judgment in favor
of appellees, Nueces County by and through Sheriff, Larry Olivarez, the Nueces County
Sheriff’s Department, and the Nueces County Civil Service Commission. By three
issues appellant contends the trial court erred by: (1) improperly considering and
granting the motion for summary judgment instead of requiring appellees to plead
special exceptions; (2) denying appellant’s motion for continuance; and (3) granting
summary judgment on matters not raised by the motion for summary judgment. We
affirm in part, and reverse and remand in part.
I. BACKGROUND
         Appellant, Elva Muston, was terminated from her employment with the Nueces
County Sheriff’s Department (the Sheriff’s Department) for failing to pass the state jail
certification exam required by the Texas Commission on Jail Standards. Muston filed
a grievance with Assistant Chief Rebecca Stutts, the department head. Stutts upheld
the termination. Appellant then appealed her termination to the Nueces County Civil
Service Commission (the Commission). After a hearing, the Commission rendered its
decision upholding appellant’s termination. 
         Pursuant to section 158.012 of the Texas Local Government Code,


 appellant
appealed the Commission’s decision to the 319th Judicial District Court of Nueces
County, Texas. Appellant filed her original petition, naming the Sheriff’s Department,
Larry Olivarez, in his official capacity as sheriff, and the Commission, as defendants. 
Appellant appealed the Commission’s decision, alleging it was not supported by
substantial evidence. In her petition appellant also asserted her constitutional right to
due process had been violated, and the Sheriff’s Department was estopped from
denying appellant continued employment. 
         In response to appellant’s petition, the Sheriff’s Department, Sheriff Larry
Olivarez, and the Commission filed an answer and a traditional motion for summary
judgment. Appellees’ motion did not seek relief specific as to Nueces County. 
         The trial court granted summary judgment expressly disposing of all claims
against Nueces County by and through Sheriff, Larry Olivarez, the Sheriff’s Department,
and the Commission. This appeal ensued.
II. MOTION FOR SUMMARY JUDGMENT
         A motion for summary judgment must itself expressly present the grounds upon
which it is made and must stand or fall on these grounds alone. Sci. Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997); McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 341 (Tex. 1993); Liu v. Yang, 69 S.W.3d 225, 227 (Tex.
App.–Corpus Christi 2001, no pet.); see Tex. R. Civ. P. 166a(c) (“The motion for
summary judgment shall state the specific grounds therefor.”). A summary judgment
cannot be affirmed on grounds not expressly set out in the motion. Stiles v. Resolution
Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). A summary judgment that purports to
dispose of causes of action not addressed in the summary judgment motion is
erroneous. Mary Kay Cosmetics, Inc. v. North River Ins. Co., 739 S.W.2d 608, 611
(Tex. App.–Dallas 1987, no writ) (citing Young v. Hodde, 682 S.W.2d 236, 237 (Tex.
1984)). A trial court cannot grant more relief than was requested by a motion for
summary judgment. See Sci. Spectrum, 941 S.W.2d at 912. A judgment that grants
more relief than requested is subject to reversal. Lehmann v. Har-Con Corp., 39
S.W.3d 191, 202 (Tex. 2001); Young, 682 S.W.2d at 237 (Tex. 1984). III. ANALYSIS
         By issues one and three, appellant generally contends the trial court erred in
dismissing appellant’s appeal of the Commission’s decision, and in granting summary
judgment as to Nueces County because appellees’ motion never requested this relief. A. Appeal of the Commission’s decision
         In their motion for summary judgment, appellees alleged that appellant’s claims
should be dismissed because appellees were either not proper parties or were protected
by the doctrine of immunity. Appellees’ motion stated in relevant part:
The NUECES COUNTY SHERIFF’S DEPARTMENT (“DEPARTMENT”)
respectfully requests the Court grant its motion for summary judgment
and dismiss Plaintiff’s claims against it with prejudice because the
DEPARTMENT is not a jural entity amenable to suit.
 
* * * 
 
LARRY OLIVARES [sic] IN HIS OFFICIAL CAPACITY AS SHERIFF
respectfully requests the Court grant his motion for summary judgment
and dismiss Plaintiff’s claims against him with prejudice because he is not
liable in the capacity in which he is sued and he enjoys sovereign and
governmental immunity from suit and liability.
 
* * * 
 
The NUECES COUNTY CIVIL SERVICE COMMISSION (“COMMISSION”)
respectfully requests the Court grant its motion for summary judgment
and dismiss plaintiff’s claims against it because it is not liable to the
plaintiff in the capacity in which it is sued, because (i) it enjoys official
immunity for its actions . . . (ii) it is not a necessary party for jurisdictional
purposes, and (iii) no provision of Chapter 158 contemplates or authorizes
a judgment against it. 
 
         Appellees moved for summary judgment based solely on the grounds stated
above.


 Nowhere in the motion did appellees seek relief from appellant’s appeal of the
Commission’s decision. The trial court, however, granted summary judgment
purporting to dispose of all causes of action against appellees.



         In her petition, appellant sought an appeal of the Commission’s decision under
chapter 158 of the Texas Local Government Code. Tex. Loc. Gov’t Code Ann. §
158.012 (Vernon 1999). This section allows an employee of the county who, as in
this case, has been removed from her position, to appeal the decision of the
Commission to a district court in the county. Id. § 158.012(a). The statute requires
that a petition be filed thirty days after the decision. Id. The record shows the
Commission made its decision on January 31, 2001. Appellant filed her petition in the
319th District Court of Nueces County on February 22, 2001. The Commission,
through Chairperson Hector Rene Gonzalez, was then served with the petition on
February 27, 2001. The filing of the petition with the district court and service on the
Commission within thirty days of the Commission’s decision was adequate to place the
appeal before the trial court. 
         The trial court is to review an appeal of the Commission’s decision using the
substantial evidence rule as provided under section 158.0121. Id. § 158.012(b). The
trial court is to either affirm the Commission’s decision, reverse, or remand the case for
further proceedings. Id. § 158.0121. The judgment of the district court is then
appealable as in other civil cases. Id. § 158.012(b).
         A review of the record and order of the court reveals the trial court did not
address appellant’s appeal of the Commission’s decision as provided under the statute. 
Additionally, appellees’ motion for summary judgment did not request relief from this
appeal. Therefore, the trial court could not dispose of the appeal through summary
judgment. Because the summary judgment purported to dispose of causes of action
not addressed in the summary judgment motion, it was erroneous. Mary Kay
Cosmetics, 739 S.W.2d at 611 (citing Young, 682 S.W.2d at 237).
B. Granting of relief as to Nueces County
         The relief requested in appellees’ motion for summary judgment was only as to
the Sheriff’s Department, Sheriff Larry Olivarez, and the Commission. After the motion
was filed, appellant filed a first and second amended petition including Nueces County
in the style and text of the petition. Appellant also served Nueces County with the
amended petition, through Judge Richard Borchard.


 Appellees, however, did not
amend their motion for summary judgment to request relief as to Nueces County. 
Thus, the summary judgment order granted relief which was never requested. Because
a trial court cannot grant more relief than was requested by a motion for summary
judgment, we find the court erred in granting summary judgment as to Nueces County. 
Sci. Spectrum, 941 S.W.2d at 912. 
         Because appellee’s motion for summary judgment did not address the appeal of
the Commission’s termination decision or Nueces County as a party, the trial court’s
order granted more relief than requested. Therefore, we sustain issues one and three
on this basis. Because of our disposition of appellant’s first and third issues, we need
not address her remaining issues. See Tex. R. App. P. 47.1. 
IV. CONCLUSION
          Accordingly, we reverse the trial court’s judgment and remand for further
proceedings consistent with this opinion. Appellant does not challenge the trial court’s
summary judgment as to the Sheriff’s Department, Sheriff Larry Olivarez, or the
Commission and therefore, we affirm the trial court’s judgment as to these parties.
                                                                        
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
 
Retired Justice Dorsey not participating.
 
Opinion delivered and filed this
11th day of December, 2003.