Reversed and Remanded and Memorandum Opinion filed February
17, 2011



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-01043-CV



 

Deutsche Bank National Trust
Company, as Trustee for Long Beach Mortgage Trust 2006-9, Appellant

V.

G.P. Matherne, Dampkring LLC, BRIEN WEST, ALLEN GROVES, AND NICK TRAN, Appellees

 



On Appeal from the 55th District
Court

Harris County, Texas

Trial Court Cause No. 2007-60103



 

MEMORANDUM  OPINION

 

Appellant Deutsche Bank National Trust Company
(Deutsche Bank) appeals the trial court’s order granting summary judgment in
favor of defendant Nick Tran.  Because the court erroneously granted judgment
on claims not raised in the motion, we reverse and remand to the trial court.

Background

Deutsche Bank filed suit against appellees G.P.
Matherne and Dampkring, seeking an injunction to prevent an improper
foreclosure.  Deutsche Bank amended its petition to add Nick Tran as a
defendant because it discovered that Tran purchased the real property made the
basis of this suit at a wrongful foreclosure sale.  

Tran subsequently filed a motion for partial
no-evidence summary judgment in which he alleged that he purchased the property
from Dampkring at a foreclosure sale.  At the time of the sale a temporary
restraining order (TRO) had been issued enjoining Dampkring from foreclosing on
the property.  Tran alleged in his motion for summary judgment that Deutsche
Bank had produced no evidence that Dampkring was served with notice of the TRO;
therefore, no evidence that Dampkring was bound by the TRO.  

On September 14, 2009, the trial court granted Tran’s
motion for partial summary judgment, but went beyond Tran’s motion and
dismissed all of Deutsche Bank’s claims.  The judgment recited that it “finally
disposes of all Plaintiff’s claims and is appealable.”  Deutsche Bank timely
filed a motion for new trial, which was overruled by operation of law 75 days after
the judgment was signed, on November 28, 2009.  The trial court’s plenary power
expired 30 days later on December 28, 2009.  See Tex. R. Civ. P.329b. 
On March 11, 2010, after its plenary power expired, the trial court signed an
order granting Tran’s motion for partial summary judgment and only dismissing
Deutsche Bank’s claims against Tran, not the other defendants.  

Discussion

In its second issue, Deutsche Bank contends the trial
court erred in granting relief in the summary judgment that was not requested
in the motion.  We agree.  Tran filed a motion for partial summary judgment
seeking dismissal of Deutsche Bank’s claims against him.  The other defendants did
not file motions, nor did Tran purport to file a motion on their behalf. 
Deutsche Bank non-suited Matherne, but the other defendants remained in the
case.  

An order may be a final judgment for appeal purposes
even though it does not purport to be if it actually disposes of all claims
still pending in the case.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 204
(Tex. 2001).  Although the trial court purported to grant a partial summary
judgment, because it disposed of all of Deutsche Bank’s pending claims, the
order is final and appealable.  See id.  Granting more relief than the
movant is entitled to makes the order reversible, but not interlocutory.  Id. 
Because a trial court cannot grant more relief than was requested by a motion
for summary judgment, we find the trial court erred in granting summary
judgment as to all of Deutsche Bank’s claims.  See Scence. Spectrum v.
Martinez, 941 S.W.2d 910, 912 (Tex. 1997).  We sustain Deutsche Bank’s
second issue.  We need not address Deutsche Bank’s remaining issues.

We reverse the trial court’s judgment and remand for
further proceedings consistent with this opinion.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.