Opinion issued April 5, 2007









 



In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00994-CV






SUNTEX FULLER CORPORATION, Appellant


V.


FLINT MORTGAGE GROUP, Appellee






On Appeal from the 149th District Court

Brazoria County, Texas

Trial Court Cause No. 18712*RM02






MEMORANDUM OPINION

 

 Appellant, Suntex Fuller Corporation ("Suntex"), appeals the trial court's
rendition of summary judgment in favor of appellee, Flint Mortgage Group ("Flint"). 
In two issues, Suntex argues that material issues of fact precluded summary judgment
in favor of Flint and that no material issues of fact precluded summary judgment in
favor of Suntex. We affirm.

Factual and Procedural Background


 This action arises from a dispute regarding the relative priority between a
mechanic's and materialman's lien and a deed of trust lien. Suntex, a development
corporation, entered into a contract to purchase property for a subdivision in Brazoria
County ("Property"). To fund this purchase, Suntex executed a promissory note
payable to Merchants Mortgage & Trust Corporation ("Merchants"). On January 13,
1999, Suntex secured the note by executing and delivering to Merchants a deed of
trust lien against the Property in favor of Merchants. 

 Beginning in October 1998 and continuing until January 21, 1999, Suntex
moved a one-story sales office onto the Property, built a driveway to the sales office,
and erected wooden fencing around some of the Property. Suntex contracted with
several different laborers and suppliers to perform some of this work. In October
1999, one of the suppliers, Nationsrent, began delivering materials to Suntex for use
on the Property.

 Suntex executed a promissory note to Flint, using some of the proceeds to
extinguish its note to Merchants. The parties to this appeal do not dispute that, as a
result of this payment, Flint became equitably subrogated to the Merchants deed of
trust lien against the Property. Ultimately, Suntex defaulted on its note to Flint, and
Flint foreclosed on the deed of trust lien against the Property. After the foreclosure,
Nationsrent filed a "constitutional" mechanic's and materialman's lien based on the
materials it supplied to Suntex. 

 Nationsrent sued Suntex to recover monies owed for the materials it had
delivered to the Property, and it sought to enforce its mechanic's and materialman's
lien against the Property. Suntex filed a third party petition against Flint, alleging
that the Nationsrent lien had priority over the Flint deed of trust lien and, pursuant to
a contract between Suntex and Flint, Flint was responsible to pay the monies owed
by Suntex to Nationsrent. In its answer, Flint asserted that its deed of trust lien was
superior to the Nationsrent lien and, therefore, Flint did not owe any payment under
the agreement. All parties filed motions for summary judgment concerning the
relative priorities of the liens. The trial granted Flint's motion, denied Suntex's
motion, and entered a judgment in favor of Flint. 

Standard of Review


 Flint sought both a traditional and no-evidence summary judgment in the trial
court. Suntex sought only a traditional summary judgment. This is significant
because the two forms of summary judgment invoke different standards of review.
The movant for a traditional summary judgment must show that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166a(c); Clarendon Nat. Ins. Co. v. Thompson, 199 S.W.3d 482, 486 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). That is, a defendant movant must
conclusively negate at least one essential element of each of the plaintiff's causes of
action or, alternatively, must conclusively establish each element of an affirmative
defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997);
Thompson, 199 S.W.3d at 486. Evidence is conclusive only if reasonable persons
could not differ in their conclusions. City of Keller v. Wilson, 168 S.W.3d 802, 816
(Tex. 2005). Where the defendant establishes its right to summary judgment as a
matter of law, the burden shifts to the plaintiff to present evidence sufficient to raise
a genuine issue of material fact. Thompson, 199 S.W.3d at 486-87. If the plaintiff
does so, summary judgment is precluded. Id.

 In contrast, a party moving for a no-evidence summary judgment under rule
166a(i), must assert only that, after adequate time for discovery, there is no evidence
of one or more essential elements of a claim or defense on which the non-movant
would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). Summary judgment
is precluded if the non-movant then satisfies its burden to produce more than a
scintilla of evidence raising a fact issue on the challenged elements. See id.; Forbes
Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). More than a
scintilla of evidence exists if the evidence would allow reasonable and fair-minded
people to differ in their conclusions. Id. Less than a scintilla of evidence exists when
the evidence is so weak as to do no more than create a mere surmise or suspicion of
a fact. Id. 

 Under both the traditional and no-evidence standards of review, we take as true
all evidence favorable to the non-movant, indulging every reasonable inference and
resolving any doubts in the non-movant's favor. Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 157 (Tex. 2004) (traditional summary judgment); King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (no-evidence summary
judgment). When, as here, a summary judgment does not specify the grounds on
which it was granted, we will affirm the judgment if any one of the theories advanced
in the motion is meritorious. Joe, 145 S.W.3d at 157. When both sides move for
summary judgment and the trial court grants one motion and denies the other, we
review the summary judgment proof presented by both sides and determine all
questions presented. See Comm'rs Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997);
Admiral Ins. Co. v. Trident NGL, Inc., 988 S.W.2d 451, 453 (Tex. App.--Houston
[1st Dist.] 1999, pet. denied). If we find error, we must render the judgment the trial
court should have entered. Agan, 940 S.W.2d at 81.

Analysis

 The dispositive issue central to both motions for summary judgment is the
order of priority of the Nationsrent mechanic's and materialman's lien and Flint's
deed of trust lien. A properly perfected mechanic's and materialman's lien has
priority over all other liens, encumbrances, or mortgages upon the property. Tex.
Prop. Code Ann. § 53.123(a) (Vernon 1995). However, a mechanic's and
materialman's lien will not have priority over liens existing on land at the time of the
inception of the mechanic's lien. Id. § 53.123(b). Accordingly, to determine the
priority of liens, we must first examine the summary judgment evidence to determine
the time of the inception of the Nationsrent mechanic's and materialman's lien. See
Diversified Mortg. Investors v. Lloyd D. Blaylock Gen. Contractor, Inc., 576 S.W.2d
794, 800 (Tex. 1978). 

Time of Inception of the Nationsrent Lien

 The time of inception of a properly perfected mechanic's and materialman's
lien is the earlier of either (1) the commencement of a lienholder's construction of
improvements on the property or (2) the lienholder's delivery of materials to the land
on which the improvements are to be located and on which the materials are to be
used. Tex. Prop. Code Ann. § 53.124(a) (Vernon Supp. 2006). The time of
inception does not take into consideration the date that the property owner decides
to start improvements on his property. See Univ. Sav. & Loan Ass'n v. Security
Lumber Co., 423 S.W.2d 287, 295 (Tex. 1967). The Texas Supreme Court has
specifically "rejected the idea that such liens had their inception when the owner
determined to improve his property." Id. The rights of the parties are fixed by the
statute and "cannot be disposed of upon any equitable ground." Id.

 If there is a general contract regarding the construction of improvements to the
property, the courts apply the "relation back doctrine" to determine the time of a
lien's inception. Oriental Hotel v. Griffiths, 33 S.W. 652, 653 (Tex. 1895). Under
the "relation back" doctrine, if there is a general construction contract between the
owner and a contractor, the time of inception of all mechanic's and materialman's
liens created by the construction will be the date that the contract was executed. 
McConnell v. Mortgage Investment Co. of El Paso, 305 S.W.2d 280, 283 (Tex. 1957). 
In other words, regardless of when the materials were delivered or the work was
performed by the mechanics and materialmen, the time of the inception of their liens
"relates back" to the execution date of the general construction contract. See id. 

 Citing University Savings & Loan Ass'n v. Security Lumber Company, 423
S.W.2d 287 (Tex. 1967), Suntex argues that the Texas Supreme Court has abandoned
the need for a general contract before applying the relation back doctrine. However,
in University Savings & Loan Association, the court merely noted that the existence
of a general construction contract is not the only way to establish that the date of
inception of a lien was prior to that of other liens. See id. at 295. The relation back
doctrine should be narrowly and cautiously applied and not expanded to apply to
factual situations not strictly analogous to those existing in Oriental. See McConnell,
305 S.W.2d at 283.

 In this case, there was no general construction contract or general contractor
for making improvements to the Property. The summary judgment evidence
establishes that the work and materials were furnished directly to Suntex by the
various mechanics and materialmen, individually, and, therefore, the relation back
doctrine does not apply. See id. Accordingly, the summary judgment evidence
establishes that the time of the inception of the Nationsrent lien is October 1999, the
date that Nationsrent began delivering materials to the property. See Tex. Prop.
Code Ann. § 53.124(a).

Priority of Liens

 Having determined the time of inception of the Nationsrent lien, we next
determine the relative priority of the liens. The Merchants deed of trust lien was
recorded on January 21, 1999. It is undisputed that some of the proceeds of the Flint
note were paid to Merchants to extinguish the Merchants promissory note. It is also
undisputed that, as a result of this payment, Flint became equitably subrogated to the
rights of the Merchants deed of trust lien. (1) See Diversified Mortg. Investors, 576
S.W.2d at 796. Accordingly, Flint's subrogated deed of trust lien, created on January
13, 1999, was in existence prior to the Nationsrent lien, created in October 1999, and
Flint's lien is superior to the Nationsrent lien. See Tex. Prop. Code Ann. §
53.123(a). Flint's foreclosure on the Property extinguished the Nationsrent lien, and
the trial court did not err in granting, under rule 166a(c), summary judgment in favor
of Flint and against Suntex. See Diversified Mortg. Investors, 576 S.W.2d at 808.

Excess Proceeds

 Alternatively, Suntex argues that the trial court erred in rendering summary
judgment in favor of Flint because Nationsrent has a remedy against Flint for any
excess proceeds from the foreclosure sale of the Property. Suntex argues that Flint
was equitably subrogated to the Merchants deed of trust lien only in the amount of
Flint's loan to Suntex that was paid to extinguish the Merchants note. Thus, Suntex
contends that Nationsrent is entitled to receive from Flint any proceeds, over and
above the amount paid to extinguish the note, that may have resulted from Flint's
foreclosure on the Property. 

 In this case, prior to the entry of summary judgment in favor of Flint,
Nationsrent and Flint announced an agreement to take nothing against each other, and
Nationsrent is not pursuing any excess proceeds in this action. Accordingly, the trial
court did not err by excluding from its judgment Nationsrent's right to any excess
proceeds in this action. 

 We overrule appellant's first and second issues.



Conclusion

 We affirm the judgment of the trial court.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Jennings, Hanks, and Higley.

 
1. As discussed in detail below, Suntex does however dispute the extent of the equitable
subrogation.