Affirmed and Memorandum Opinion filed July 17, 2007








Affirmed
and Memorandum Opinion filed July 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01178-CV

____________

 

RICHARD CANTU, Appellant

 

 

 

TRANSOCEAN ENTERPRISES, INC. d/b/a
TODCO MANAGEMENT SERVICE, INC. and TRANSOCEAN DEVELOPMENT CO. and TRANSOCEAN,
SEDCO, FOREX,
Appellees

 



 

On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 05-24104

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment.  In two issues,
appellant Richard Cantu (ACantu@), plaintiff
below, argues that the trial court erred in striking his summary judgment
affidavit and granting a take nothing summary judgment in favor of appellee,
Transocean Enterprises, Inc. (ATransocean@).  Because we
conclude the trial court did not err in striking Cantu=s affidavit, and
no genuine issues of material fact exist regarding the identity of Cantu=s employer, we
affirm the judgment of the trial court.








Factual and Procedural Background

Cantu filed this personal injury lawsuit against
Transocean, alleging he was injured in a motor vehicle accident caused by
Transocean=s negligence.  Cantu=s petition alleges
he was an employee of Transocean, operating a company vehicle in the country of
Venezuela, when his injuries occurred.  Cantu further alleges his injuries were
caused by Transocean=s negligent failure to maintain the
vehicle he was driving at the time he was injured. 

Transocean filed a traditional motion for summary judgment
asserting it had no legal duty to Cantu because Cantu was never employed by
Transocean and Transocean had no responsibility for maintaining the vehicle involved
in the accident.  Transocean alleged Cantu was an employee of Cliffs Drilling
Company (ACliffs@), a separate corporate entity, and
Transocean had no responsibility for maintaining vehicles owned by Cliffs.  In
support of its motion, Transocean attached the affidavit of Shirley Ridings. In
her affidavit, Ridings testified she was a claims representative for The
Offshore Drilling Company (ATODCO@) and, in her
position, she assisted Cliffs with management of claims.  Ridings testified
Cantu was employed by Cliffs and was operating a vehicle owned by Cliffs at the
time of the accident.  Ridings further testified that Cliffs and Transocean are
separate corporate entities.  Cantu did not object to Ridings= affidavit at
trial or on appeal. 

Cantu filed a response to Transocean=s motion for
summary judgment and argued that issues of fact existed as to the identity of
his employer and the identity of the party responsible for maintaining the
vehicle involved in the accident.  In support of his response, Cantu attached
his own affidavit in which he testified that he was an employee of Transocean
at the time of the accident.  Cantu also attached documents pertaining to his
health care and insurance benefits, which allegedly supported Cantu=s claim that he
was employed by Transocean during the relevant time period. 








Transocean filed a reply to Cantu=s response and
objected to Cantu=s affidavit on the grounds that it
contained hearsay and was not based on personal knowledge.  Transocean also
objected to the documents attached to Cantu=s response on the
grounds that they contained hearsay and were not properly authenticated. 

On October 7, 2005, the trial court conducted an oral
hearing and signed a judgment striking Cantu=s affidavit and
granting a take-nothing summary judgment in favor of Transocean.  Cantu timely
filed notice of appeal.  In two issues, Cantu argues the trial court erred in
striking his summary judgment affidavit and granting Transocean=s motion for
summary judgment.  

Discussion

I.
Did The Trial Court Err in Striking Cantu=s Summary Judgment
Affidavit?

In his second issue, Cantu contends the trial court erred
in striking his summary judgment affidavit.  Transocean argues that Cantu=s affidavit
testimony regarding the identity of his employer at the time of the accident is
not competent summary judgment evidence because it fails to state readily
controvertible facts and contains conclusory statements which are not based on
personal knowledge. 

We review a trial court=s decision to
admit or exclude summary judgment evidence under an abuse of discretion
standard.  Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998).  A trial court abuses its discretion when it acts without regard
for any guiding rules or principles.  Id.  An appellate court must
uphold the trial court=s evidentiary ruling if there is any
legitimate basis for the ruling.  Id.

Rule 166a(f) provides that A[s]upporting and
opposing affidavits shall be made on personal knowledge, shall set forth such
facts as would be admissible in evidence, and shall show affirmatively that the
affiant is competent to testify to the matters stated therein.@ Tex. R. Civ. P. 166a(f).  Affidavit
testimony which is conclusory, speculative, hearsay, or not based on personal
knowledge is not competent summary judgment evidence.  See id.  

In his affidavit, Cantu asserted:








On April 19, 2003, I had been an employee of Defendant Transocean
Enterprises, Inc. for approximately two years after Transocean purchased Cliffs
Drilling Company, and was an employee of Transocean at the time of the
accident.  The vehicle I was driving at the time of the accident was controlled
by Transocean Enterprises, Inc. and Transocean exclusively maintained the
vehicle at all times.  I had been driving that particular vehicle for about one
and one half years at the time of the accident and in the time I drove it, all
repairs, maintenance and modifications were made by Transocean Enterprises,
Inc. 

Cantu=s affidavit contains no statements of fact
supporting his assertion that he was employed by Transocean and Transocean was
responsible for maintaining the vehicle involved in the accident.  Cantu did
not assert, for example, that he received a paycheck from Transocean, was
supervised by an employee of Transocean, or reported to a Transocean office. 
Cantu=s personal belief
that he was employed by Transocean, standing alone, is  insufficient to create
a material fact issue as to who employed him.  See Coco v. Port of Corpus
Christi Auth., 132 S.W.3d 689, 693B94 (Tex. App.CCorpus Christi
2004, no pet.) (holding affidavit testimony regarding the identity of an
employer must contain statements of fact which are clear, positive, direct, and
capable of being readily controverted).  Further, Cantu=s testimony that
Transocean maintained the vehicle involved in the accident is not supported by
statements of fact.  

We hold Cantu=s  affidavit
testimony is conclusory and fails to affirmatively show  that his statements
are based on personal knowledge.  See Tex.
R. Civ. P. 166a(f).  Accordingly, we conclude the trial court had a
legitimate basis for striking Cantu=s affidavit and
did not abuse its discretion in doing so.  Cantu=s second issue is
overruled.

II.
Did the Trial Err in Granting Transocean=s Motion for
Summary Judgment?








In his first issue, Cantu claims the trial court erred in
granting Transocean=s motion for summary judgment because
genuine issues of fact exist as to the identity of Cantu=s employer and the
identity of the party responsible for maintaining the vehicle involved in the
accident.  Transocean contends summary judgment was proper in this case because
the only competent summary judgment evidence shows that Cantu was employed by
Cliffs at the time of his motor vehicle accident, and Cliffs owned the vehicle
involved in the accident.  We agree.

We review a traditional summary judgment under a de novo
standard, viewing all evidence in a light most favorable to the non-movant and
indulging every reasonable inference in his favor.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The party
moving for summary judgment bears the burden to show that no issue of material
fact exists and that it is entitled to judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c); Provident
Life, 128 S.W.3d at 215B16.  Summary judgment for a defendant is
proper only when the defendant negates at least one element of each of the
plaintiff=s theories of recovery, or pleads and conclusively
establishes each element of an affirmative defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  When the trial court=s order does not
specify the grounds for its summary judgment, we will affirm the judgment if
any of the theories presented to the trial court are meritorious and preserved
for appeal.  Provident Life, 128 S.W.3d at 216.      

The
thrust of Transocean=s argument in this case is that Cantu sued the wrong
corporate entity. Transocean asserts that Cantu was employed by Cliffs at the
time of the motor vehicle accident, and Cliffs and Transocean Enterprises, Inc.
(appellee herein) were separate corporate entities, both of which were owned by
Transocean, Inc. 

The affidavit of Shirley Ridings provides competent
evidence that Cantu was not employed by appellee Transocean.  Ridings testified
she assisted Cliffs with management of claims in her capacity as a claims
representative for TODCO.   Ridings asserted Cantu was employed by Cliffs and
was operating a vehicle owned by Cliffs at the time of the accident.  Ridings
further testified that Cliffs and Transocean are separate corporate entities.  








Cantu failed to provide any competent summary judgment
evidence which controverts Ridings= testimony.  
Cantu=s affidavit,
discussed above, was properly struck by the trial court.  None of the insurance
and health care documents attached to Cantu=s summary judgment
response are authenticated, nor do any of those documents identify appellee
Transocean Enterprises, Inc. as Cantu=s employer or as
the entity responsible for maintaining the vehicle involved in the accident. 

Accordingly, we find that no genuine issue of material fact
exists and Transocean is entitled to judgment as a matter of law.   Cantu=s first issue is
overruled and the judgment of the trial court is affirmed.

 

 

 

                      
      

/s/      John
S. Anderson

Justice

 

Judgment rendered and Memorandum Opinion filed July 17,
2007.

Panel consists of Justices Yates, Anderson, and Hudson.