Opinion on rehearing issued December 3, 2009

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00850-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



LUCI MARTINEZ,
INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF LUIS MARTINEZ, DECEASED, JOSÉ MARTINEZ,
AND MARIA MARTINEZ,
Appellants

 

V.

 

MOÍSES MELENDEZ, Appellee

 

 



On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 
2006-37379B

 

 

MEMORANDUM OPINION ON REHEARING

We grant rehearing and withdraw our
opinion and judgment of June 25, 2009, and issue the following in their
stead.  Our disposition of the case
remains unchanged.  

Luci Martinez, José Martinez, and
Maria Martinez appeal the trial court’s summary judgment dismissing their
wrongful death negligence claims against Moíses Melendez, arising out of a
traffic accident in which a dump truck—driven by Delfino Bello and owned by his
brother Salvador—struck Luis Martinez’s car, causing his death.  Finding no error, we affirm.

Background

At the time of the accident, Delfino
Bello was using his brother’s truck to haul dirt from a Hays Construction excavation
site to a dumping facility.  Appellee
Melendez also worked at the Hays site, hauling dirt in his own truck.  According to the summary judgment record,
when Hays needed a dump truck driver to haul dirt from a site, a representative
contacted an independent truck driver, usually one who has worked on previous
projects for Hays, discussed the project and asked the driver to haul loads and
to refer other drivers.  That driver, in
turn, contacts other drivers, each of whom uses his own truck to haul loads of
dirt.  Hays checks the drivers’ proof of
insurance when they arrive at the work site. 
Hays also provides hauling permits for the drivers.

The referring driver does not
supervise the other drivers he brings to the project, but instead collects tickets
from each driver at the end of the week documenting the number of hauls made by
that driver.  Then, he adds them,
includes his own haul numbers, and provides the total to Hays.  Hays issues one check to the referring driver,
who then divides the money among the drivers according to the number of hauls
made by each.  

In this instance, when Hays asked
Melendez if he could refer other drivers to work on the excavation project,
Melendez contacted a driver he knew named Marcos Benitez.  Benitez, in turn, contacted Salvador to inform him of the available job
and of Melendez’s telephone number.  

Salvador posted a “Bello
Transportation” sign in his truck  He testified
in his deposition that he considered himself the “sole proprietor” of Bello
Transportation, and explained that he registered himself as owner of Bello
Transportation with the state.  According
to Salvador’s understanding, “to be able to work you have to put the name of a
company in your truck.”[1]  Salvador purchased the truck individually,
and his wife co-signed the note.

Salvador called Melendez, who described
the Hays project.  Salvador reported to the Hays site with
Melendez and began hauling the dirt. 
Melendez and Salvador
each prepared trip tickets, which Melendez submitted to Hays for payment.  After receiving the payment from Hays,
Melendez wrote a personal check, made payable to Salvador, individually, to
give Salvador his share.  

At the Hays’s excavation site, the
truck drivers waited in a line for loading. 
A Hays worker would fill the truck, and the driver would take the load
to the designated dumping location and, once they emptied the load, returned to
the Hays site for reloading.  Neither
Hays nor Melendez controlled Salvador’s
route.  

One week, after learning of the job
from Salvador, Delfino reported to work at the Hays site.[2]  On the third day of that work week, the Bello
Transportation truck Delfino was driving collided with Luís Martinez’s car in
the intersection of a tollway feeder road. 
Luís Martinez died from his injuries, and his surviving family members
brought suit, asserting claims against Hays Construction, Melendez, and both of
the Bello
brothers.  The Martinezes allege that
Melendez employed or supervised Bello Transportation and thus that Melendez is
vicariously liable for Delfino’s negligence. 
In particular, they allege that Melendez is liable for the negligent
hiring, training, and supervision of Delfino. 


Melendez moved for summary judgment
on the claims against him, contending that he is not vicariously liable for
Delfino’s conduct as a matter of law because he did not have an employer-employee
relationship with Delfino, did not control the details of Delfino’s work, and
did not meet the statutory definition of “employer” set forth in the Federal
Motor Carrier Safety Act and adopted in the Texas Administrative Code.  The trial court granted Melendez’s motion,
severed the remaining claims from the lawsuit, and signed a final take-nothing
judgment as to Melendez.   

Discussion

Summary judgment standard of review

We review a trial court’s summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life Accid. & Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). 
Under the traditional standard for summary judgment, the movant has the
burden to show that no genuine issue of material fact exists and that the trial
court should grant a judgment as a matter of law.  Tex.
R. Civ. P 166a(c);  KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Dorsett,
164 S.W.3d at 661; Knott, 128 S.W.3d
at 215; Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  

Traditional summary judgment is
proper only if the movant establishes that here is no genuine issue of material
fact and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c). The motion must state the specific grounds relied
upon for summary judgment.  Id.  A defendant moving for traditional summary
judgment must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc., 941 S.W.2d at 911.

Employer status

          The
Martinezes contend that the trial court erred in granting summary judgment on
their claims against Melendez because fact issues exist as to whether Melendez
acted as Bello’s
employer.  We consider the merits of
their contention under both the general right-to-control test and the statutory
definition of employer under the federal regulations promulgated under the
Federal Motor Carrier Safety Act.  49 C.F.R
§ 390.5 (2008). 

          Right
to control 

Under Texas law, business owners have no duty to
see that independent contractors use reasonable care in performing their work
unless they exercise control over the independent contractor’s activity.  Dow Chem. Co. v. Bright, 89 S.W.3d 602, 606 (Tex. 2002); Redinger v. Living, Inc., 689 S.W.2d
415, 418 (Tex. 1985).  A plaintiff
seeking to prove that the owner is liable for a negligent act must therefore
establish that (1) the owner had a contractual right of control or exercised
actual control, in a way that extends to the operative details of the
contractor’s work, and (2) a nexus exists between the owner’s retained control
and the activity that caused the plaintiff’s injury.  Gen.
Elec. Co. v. Moritz, 257 S.W.3d 211, 214 (Tex.
2008); Ellwood Tex. Forge
Corp. v. Jones, 214 S.W.3d 693, 700 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)
(citing Tex. Civ. Prac. & Rem. Code
Ann. §§ 95.001—.004).  

          Here, the undisputed evidence
demonstrates that Melendez was  unaware
that Delfino—not Salvador—was driving the truck.  Melendez had no control over the operative
details of Delfino’s work.  Delfino
determined his own route and the number of loads he transported.  Melendez did not have any authority to hire
or fire Delfino.  

The
Martinezes contend that Melendez should have known that Delfino would work on
the job because Salvador’s truck bore the “Bello Transportation” label.  The evidence, however, does not raise a fact
issue to support this contention.  Salvador, not Melendez, informed Delfino about
the job and provided him with the truck he used to perform the work.  Melendez’s only contact was with Salvador: all
the stubs he collected were made out in Salvador’s name, and Melendez paid
Salvador with a personal check written out to Salvador individually.  

Salvador
testified that he did not regard Delfino as an employee.  Salvador, like Melendez, described himself as a
sole proprietor, and posted a corporate name on his truck to comply with
regulations.  The fact that Salvador
labeled his truck “Bello Transportation” does not raise a material fact issue
that Melendez was ever put on notice that, by inviting Salvador to haul loads
to and from the Hays worksite, he was also inviting Delfino.[3]

          The Martinezes point to equivocal
statements and disagreements between Melendez and Hays as to whether Hays
“hires” drivers or truck brokers, or whether Melendez “paid” the Bellos,
contending that they raise a fact issue concerning Delfino’s employment status.  The issue, however, is not how Hays labeled
their relationship, but whether the facts show that Melendez could or did
exercise control over the operative details of Delfino’s work.  See Dow
Chem. Co., 89 S.W.3d at 606.  Here,
no evidence presents such a showing.  Consequently,
no general employer-employee relationship exists to impose vicarious liability
or liability for negligent training or hiring on Melendez, and the trial court
correctly granted Melendez’s motion for summary judgment.

          Statutory
employer status

The Federal Motor Carrier Safety
regulations define “employer” as “[a]ny person engaged in a business affecting
interstate commerce who owns or leases a commercial motor vehicle in connection
with that business, or assigns employees to operate it. . . .”  49 C.F.R. § 390.5.[4]  The Martinezes contend that fact issues exist
concerning whether Melendez is an employer under this definition because he was
responsible for hauling dirt and hired the Bellos to haul dirt.  We disagree with this contention.  The evidence conclusively shows that the
truck used by Bello
was not owned or leased by Melendez. 
Melendez is not an employer under the regulation because Melendez did
not own or lease the vehicle Bello operated, a requirement of the
regulation.  For this reason, we hold
that the trial court properly rejected the Martinezes’ claims under this
theory.

Claims addressed in summary judgment
motion

The Martinezes claim that the trial
court erred in granting summary judgment on all of their claims against
Melendez because his motion for summary judgment did not address their claims
for negligent hiring, supervision, training, and negligence per se asserted in
their fifth amended petition.  This
contention lacks merit because each of the Martinezes’ causes of action against
Melendez relies on the imposition of vicarious liability through proof of an
employer-employee relationship with Bello. 
Because the undisputed evidence shows, as a matter of law, that no
employer-employee relationship existed between Melendez and Delfino Bello the
time of this accident, and that Melendez had no right to control the details of
Delfino’s work, we hold that the trial court properly granted summary judgment
dismissing all of the Martinezes’ claims against Melendez.

Conclusion

We hold
that the trial court properly granted summary judgment dismissing the
Martinezes’ claims against Melendez.  We
therefore affirm the judgment of the trial court.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel
consists of Judges Bland, Sharp, and Taft.[5]











[1] Melendez testified that he labeled his truck “Moises
Melendez Trucking,” but did not create a separate corporate entity with that
name.

 





[2] Delfino testified in his deposition that he worked
jobs using the truck as directed by Salvador, who paid him in cash by the
job.  Salvador, in his deposition,
testified that he did not consider Defino as an employee.





[3] With their motion for rehearing, The Martinezes attach
excerpts from Salvador’s deposition testimony that, they admit, do not appear
in the record and were not before the trial court when it ruled on the summary judgment
motion.  We may not consider these
materials. See Tex. R. App. P. 34.1; Tanner v. McCarthy, 274 S.W.3d 311, 323
n.22 (Tex. App.—Houston [1st Dist.] 2008, no pet.).





[4]  The regulation
expressly limits its application to persons “engaged in interstate commerce,”
and, as Melendez points out, no Texas
case has adopted it in imposing vicarious liability.  Our analysis in no way indicates either
approval or disapproval of the Martinezes’ vicarious liability theory under
this regulatory definition of “employer.”





[5] Justice Tim Taft, who retired from the First Court of
Appeals on June 1, 2009, continues to sit by assignment for the disposition of
this case, which was submitted on March 30, 2009.