**Geoffrey ZIMMERMAN, Appellant,**

v.

**Wendy Gonzalez ANAYA, Individually and a/n/f of Christopher Gabriel Hernandez, Deceased, and Jose Hernandez, Individually, Appellees.**

No. 01–07–00570–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 2008.

Jeffrey B. McClure, Kendall M. Gray, Laura M. Trenaman, and Elizabeth Ann Wiley, for Appellant.

Paul S. Jacobs and Jeffrey M. Stern, for Appellees. .

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## MEMORANDUM OPINION

JANE BLAND, Justice.

Wendy Gonzalez Anaya and Jose Hernandez ("the parents") sued Geoffrey Zimmerman, M.D. for alleged negligence during the delivery of their son, which caused their son to suffer personal injuries and death. Zimmerman moved for summary judgment on immunity grounds, asserting that, as a resident of Baylor College of Medicine who provided publicly funded health care at Ben Taub Hospital, he is entitled to immunity pursuant to section 101.106 of the Texas Civil Practice and Remedies Code because Baylor qualifies as a governmental unit under section 312.007 of the Texas Health and Safety Code, making him an employee of a state agency for purposes of immunity under the Tort Claims Act.

The parents have moved to dismiss on the ground that section 51.014(a)(5) does not authorize Zimmerman's appeal. That section provides that "[a] person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state...." TEX. CIV. PRAC. & REM CODE. ANN. § 51.014(a)(5). The parents assert that, because Zimmerman is not an employee or officer of the state or a political subdivision of the state, section 51.014(a)(5) does not apply to his appeal, and no other basis for appellate jurisdiction exists.

Our Court's recently issued opinion and judgment on rehearing in *Klein v. Hernandez* controls our disposition of Zimmerman's appeal. *See* 260 S.W.3d 1 (Tex. App.-Houston [1st Dist.] 2008, no pet. h.). In *Klein*, we held that we lacked jurisdiction over a Baylor resident's interlocutory appeal of the interlocutory denial of his

motion for summary judgment, in which, like Zimmerman, he asserted that section 312.007 of the Texas Health and Safety Code entitles him to claim immunity from liability under the Texas Tort Claims Act. We expressly held that section 312.007 did not

> confer [ ] upon Klein or Baylor ... "sovereign immunity," which must be waived under the Texas Tort Claims Act.... [W]e hold that the Legislature's grant of limited liability to Dr. Klein and Baylor and provision of indemnity for Klein in chapter 312 does not amount to a conferral of "sovereign immunity," which deprived the trial court of subject matter jurisdiction....

*Id.* at 10. In applying this holding to section 51.014(a)(5) of the Civil Practice and Remedies Code, we observed that that provision "authorizes a person to appeal from an order that 'denies a motion for summary judgment based on an assertion of *immunity* by an individual who is an [actual] officer or employee of the state or a political subdivision of the state.'" *Id.* (quoting TEX. CIV. PRAC. & REM CODE. ANN. § 51.014(a)(5) (emphasis and brackets in the original)).

Relying solely on section 312.007(a) as grounds for immunity, Zimmerman emphasizes that section 312.007(a) expressly provides that a person in his position is to be treated as if he were "an employee of a state agency ... for purposes of determining the liability, if any, of the person for the person's acts or omissions while engaged in the coordinated or cooperative activities of the ... school ...." (quoting *Klein,* 260 S.W.3d at 8) (emphasis added). The immunity conferred by section 101.106 of the Civil Practice and Remedies Code, however, cannot extend beyond the reach of section 312.007(a). Determining liability is not synonymous with conferring immunity from suit, which the Legislature addresses expressly in section 312.007(b) by incorporating chapter 101 by reference. At the time the Legislature enacted section 312.007(b), it mirrored the then-existing language in section 101.106, which barred an action against defendant upon judgment or settlement of a claim against the governmental unit at the outset of filing suit. *Compare* TEX. CIV. PRAC. & REM CODE. ANN. § 101.106 historical note (Vernon 2005) (observing that before the 2003 amendment, the section provided that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim") *with* TEX. HEALTH & SAFETY CODE ANN. § 312.007(b) (Vernon 2001) (enacted in 1989) (providing that "A judgment in an action or settlement of a claim against a ... supported medical ... school bars any action involving the same subject matter by the claimant against an ... intern [or] employee of the ... school ... whose act or omission gave rise to the claim as if the person were an employee of a governmental unit against which the claim was asserted as provided under Section 101.106, Civil Practice and Remedies Code"). When the Legislature amended section 101.106 to require an election at the outset of filing suit, it did not alter section 312.007(b). *See* TEX. CIV. PRAC. & REM CODE. ANN. § 101.106 (Vernon 2005) (as amended in 2003). Consequently, our holding in *Klein,* that the language of section 312.007 does not make Baylor the equivalent of a governmental unit for purposes of section 54.014(a)(5) of the Civil Practice and Remedies Code, applies with equal force to Zimmerman's case. *See id.* at 10–11.

Because section 312.007(a) is not an immunity statute and Zimmerman does not meet the requirements of section 312.007(b), we hold that section

51.014(a)(5) of the Civil Practice and Remedies Code does not confer appellate jurisdiction over Zimmerman's appeal. *See id.* Accordingly, without addressing the merits, we dismiss Zimmerman's appeal for lack of jurisdiction.