**Geoffrey ZIMMERMAN, M.D., Petitioner,**

v.

**Wendy Gonzalez ANAYA, Individually and a/n/f of Christopher Gabriel Hernandez, Deceased, Respondents.**

No. 08–0580.

Supreme Court of Texas.

May 7, 2010.

Rehearing Denied Aug. 20, 2010.

524

Levon G. Hovnatanian, Martin Disiere Jefferson & Wisdom LLP, Paul S. Jacobs, Jacobs & Gillaspie, LLP, Houston, Jeffrey M. Stern, Stern Miller & Higdon, Bellaire, TX, for Respondents.

Jeffrey B. McClure, Laura M. Trenaman, Kendall M. Gray, Cameron P. Pope, Andrews Kurth LLP, Houston, Elizabeth A. Wiley, Andrews Kurth LLP, Austin, TX, for Petitioner.

PER CURIAM.

By statute, a state employee may appeal an interlocutory order denying a motion for summary judgment based on an assertion of immunity. Tex. Civ. Prac. & Rem.

Code § 51.014(5). The issue here is whether a resident physician, working at a public hospital under an agreement with his private medical school, may take an interlocutory appeal as though he were a state employee. Following its recent decision in *Klein v. Hernandez*, 260 S.W.3d 1 (Tex.App.-Houston [1st Dist.] 2008, pet. granted), the court of appeals concluded, in a memorandum opinion, that the physician could not and dismissed the appeal. 315 S.W.3d 549. The court in *Klein* held that a resident physician at the same private medical school, Baylor College of Medicine, working at the same public hospital, Ben Taub Hospital in Houston, was not entitled to an interlocutory appeal under section 51.014(5) of the Civil Practices and Remedies Code because he was not an "actual" state employee. *Klein,* 260 S.W.3d at 9–11.

Today, we reverse the court of appeals's judgment in *Klein* and hold that, under the Texas Health and Safety Code, a resident physician at a private medical school is to be treated like a state employee for purposes of section 51.014(5) when the underlying litigation arises from a residency program coordinated through a supported medical school, like Baylor, at a public hospital, like Ben Taub. *Klein v. Hernandez,* 315 S.W.3d 1 (Tex.2010) (applying Tex. Health & Safety Code §§ 312.006–.007 and Tex. Civ. Prac. & Rem.Code § 51.014(5)). Accordingly, in light of our opinion in *Klein* and without hearing oral argument in this case, we grant the petition for review, reverse the court of appeals's judgment, and remand to that court to consider the merits of the appeal. *See* Tex.R.App. P. 59.1.