Opinion on rehearing issued March 31, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00570-CV

———————————

Geoffrey Zimmerman, M.D., Appellant

V.

Wendy
Gonzalez Anaya, Individually and A/N/F Christopher Gabriel Hernandez, Deceased, AND 

JOSE HERNANDEZ,
INDIVIDUALLY, Appellees



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Case No. 2006-14198

 



MEMORANDUM OPINION
ON REMAND ON REHEARING

Wendy Gonzalez Anaya, individually
and as next friend of Christopher Gabriel Hernandez, deceased, and Jose
Hernandez (collectively, Gonzalez Anaya) have moved for rehearing.  We grant
rehearing, withdraw our opinion and judgment of November 10, 2010,
and issue the following in their stead.[1]  Our disposition of the case remains unchanged.  Geoffrey Zimmerman, M.D., challenges the trial court’s order
denying his motion for summary judgment on the health care liability claims
against him by Gonzalez Anaya.  Following
a remand from the Texas Supreme Court, we consider Zimmerman’s contention that
his affirmative defense of official immunity bars Gonzalez Anaya’s negligence
claims.  We reverse and render.

Background

Gonzalez Anaya sued Zimmerman for alleged negligence during
the delivery of her son which caused him to suffer personal injuries and
death.  Zimmerman moved for summary
judgment on immunity grounds, asserting that, as a resident of Baylor College
of Medicine who provided publicly-funded health care at Ben Taub General Hospital,
he is entitled to immunity under section 101.106 of the Texas Civil Practice
and Remedies Code because Gonzalez Anaya made an irrevocable election to sue Baylor
first and is thus barred from suing him. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a)
(Vernon Supp. 2010).

Zimmerman’s contention rests on the assumption that Baylor
qualifies as a governmental unit under section 312.007 of the Texas Health and
Safety Code, making him an employee of a state agency for purposes of immunity
under the Tort Claims Act.  Following our
own precedent in Klein v. Hernandez, we
granted Gonzalez Anaya’s motion to dismiss Zimmerman’s appeal on the ground
that section 51.014(a)(5), which allows for interlocutory appeal of the denial
of a summary judgment based on an assertion of immunity by an individual who is
an officer or employee of the state, did not apply.  315 S.W.3d 549, 551–52 (Tex. App.—Houston
[1st. Dist] 2008), rev’d, 315 S.W.3d
523 (Tex. 2010) (citing Klein, 260
S.W.3d 1 (Tex. App.—Houston [1st Dist.] 2008), rev’d, 315
S.W.3d 1 (Tex. 2010)).  

The Supreme Court reversed our
judgments in both Klein and Zimmerman.  The Court explained that Ben Taub is “a part of the Harris
County Hospital District, a political subdivision of the State.”  See Klein v. Hernandez, 315 S.W.3d 523, at
*1 (Tex. 2010) (citing Tex. Health &
Safety Code § 281.002(a) and Tex.
Const. art. IX, § 4)).  The
delivery of Gonzalez Anaya’s son took place at Ben Taub, where Zimmerman
practiced as a resident physician with the Baylor College of Medicine.  Baylor is a “supported medical school” that
“has contracts with the Texas Higher Education Coordinating Board and receives
state funding specifically allocated for training physicians who provide
medical care at public hospitals such as Ben Taub.”  Id. (citing Tex. Health & Safety Code Ann. § 312.002(6)).  

Considering the funding sources,
functions, and relationship among the State, the hospital district, and the
medical school, the Court declared that 

a supported medical school, like Baylor, “is a state agency,” and a
resident of a supported medical school, such as Zimmerman, “is an employee of a
state agency” for two purposes: (1) obtaining indemnity under Chapter 104,
Civil Practice and Remedies Code, which requires the state to indemnify
employees in certain circumstances based on acts or omissions in the course and
scope of/ employment, and (2) determining liability, if any, for acts or
omissions while engaged in the coordinated or cooperative activities of a
supported medical school.

Klein, 315 S.W.3d at *6; Zimmerman, 315 S.W.3d at 524.  Thus, for purposes of section 51.014(5) when, as here, the underlying litigation
arises from a residency program coordinated through a supported medical school,
the resident is entitled to bring an interlocutory appeal like any other state
employee.  Klein, 315 S.W.3d at *8.

Discussion

We review a trial court’s summary
judgment de novo, taking
as true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life Accid. Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003); Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997).  Under the traditional standard for summary judgment, the movant has the
burden to show that no genuine issue of material fact exists and that the trial
court should grant a judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999). 
A defendant moving for summary judgment based on an affirmative
defense, such as immunity, must conclusively establish each element of that defense.  Sci.
Spectrum, Inc., 941 S.W.2d at 911.

We therefore consider whether Zimmerman conclusively
established that Gonzalez Anaya, having irrevocably elected to sue Baylor first,
is barred from suing him.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.106(a) (Vernon Supp. 2010).  The
record shows that Gonzalez Anaya named Baylor as the sole defendant in her
original petition.  Plaintiffs first
named Zimmerman in their second amended petition.  Baylor is a “governmental unit” for purposes
of the Tort Claims Act, and, as a result, has sovereign immunity.  Klein,
315 S.W.3d at *7 (citing Tex. Civ. Prac.
& Rem. Code Ann. § 101.001(3). 


On rehearing, Gonzalez Anaya
contends that she did not bring suit against Baylor under the Tort Claims Act
because she did not allege any facts showing a waiver of immunity.  Because the pleading, on its face,
demonstrated a lack of subject matter jurisdiction, she claims it was a
nonevent and does not bar her suit against Zimmerman.

Shortly after Gonzalez Anaya moved
for rehearing, the Texas Supreme Court issued its decision in Franka v. Velasquez.  No. 07-0131, 2011 WL 182198 (Tex. Jan. 21,
2011).  Franka specifically rejects Gonzalez Anaya’s contention. The Court confirmed
the established rule that “any tort claim against the government  is brought ‘under’ the Act for purposes of
section 101.106, even if the Act does not waive immunity.”  2011 WL 182198 at *4.  After reviewing section 101.106(f)’s language
in the context of the Tort Claims Act as a whole, the purpose of the election
of remedies provision, the legislature’s intent in enacting the 2003 amendments
that included section 101.106(f), and the problems that would result from
application of the intermediate appellate court’s construction, the Court held
“that for section 101.106(f), suit ‘could have been brought’ under the Act
against the government regardless of whether the Act waives immunity from
suit.”  2011 WL 182198 at *11.

Under Klein, Zimmerman is an employee of a state agency for the purpose
of determining whether he is subject to liability for any acts or omissions
while engaged in the coordinated or cooperative activities of a supported
medical school.  315 S.W.3d at *6.  Gonzalez
Anaya’s live pleading alleges that Zimmerman acted negligently in the delivery
of her son.  These allegations do not
involve conduct that strays outside the scope of Baylor’s coordinated or
cooperative activities at Ben Taub through Baylor’s residency program.  

Section 101.106 of the Civil
Practice and Remedies Code provides that “[t]he filing of a suit under this
chapter against a governmental unit constitutes an irrevocable election by the
plaintiff and immediately and forever bars any suit or recovery by the
plaintiff against any individual employee of the governmental unit regarding
the same subject matter.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106(a).  We hold that Zimmerman
met his summary judgment burden to show that section 101.106(a) bars Gonzalez
Anaya’s suit against him.  

Conclusion

The trial court erred in denying Zimmerman’s
motion for summary judgment.  We
therefore reverse the judgment of the trial court and render judgment
dismissing Gonzalez Anaya’s claims with prejudice.

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.











[1]           We
also grant Gonzalez Anaya’s motion for extension of time to file motion for
rehearing.