Opinion issued November 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00707-CV

———————————

Angleton Sand Company, Appellant

V.

County of
Brazoria,
Appellee



 



 

On Appeal from the 239th District Court

Brazoria County, Texas



Trial Court Case No. 48548

 



 

MEMORANDUM OPINION

          This
case involves a dispute as to Brazoria County’s authority to require Angleton
Sand Company to obtain “heavy haul” permits for sixteen of its vehicles
traveling on county roads.  The trial
court granted summary judgment in favor of the County and against Angleton Sand
on its claim for declaratory relief.  In
four issues on appeal, Angleton Sand contends the trial court erred in granting
summary judgment because the County’s permit and route requirements are contrary
to law and an issue of fact exists as to the weight of Angleton Sand’s
vehicles.  Concluding that the County’s
permit and route requirements are lawful but a fact issue exists as to whether
three of Angleton Sand’s vehicles were overweight, we affirm in part and
reverse and remand in part.

Background

          Angleton Sand received a
contract to provide sand for construction at the Brazoria County Juvenile
Detention Center.  To perform its
obligations, Angleton Sand planned to load trucks at its sandpit on County Road
44 and drive them to the construction site on County Road 171.  According to Robert Peterson, a “principal”
for Angleton Sand, the company owns, or has access to, only two trucks.  Both trucks have permits issued by the Texas
Department of Transportation for hauling loads weighing up to 48,000 pounds,
and both trucks have an additional State permit for excess hauling over short
distances.  

Because it could not satisfy its
contractual obligations with only two trucks, Angleton Sand contacted a service
company to arrange for additional trucks to haul sand.[1]  Peterson stated that these additional trucks
were “licensed to haul 24 tons” but, unlike the two trucks operated by Angleton
Sand, did not have a “statewide permit.”  

The County has an ordinance
establishing weight and size limits for vehicles traveling on county roads and
providing a permitting system.  See Brazoria County, Tx., Order Adopting
Procedures and Regulations Governing Heavy Load Permits and Bonding
Requirements, § 5 (April 13, 2004).  In
pertinent part, the ordinance requires that “[e]very commercial vehicle”
traveling on county roads, which does not already have a permit issued by the
State, be covered by a permit issued by the County if the vehicle has:

(1) “a tandem axle weight
heavier than 34,000 pounds, including all enforcement tolerances;” or 

 

(2) “an overall gross weight on
a group of two or more consecutive axles heavier than the weight computed using
the following formula and rounding the result to the nearest 500 pounds:    

 

W
= 500 ((LN/(N – 1)) + 12N + 36)

 

where:

 

“W”
is maximum overall gross weight on the group;

“L” is distance in feet
between the axles of the group that are the farthest apart; and

“N” is number of axles in
the group.”

Id. § 5.1.b-c.  The parties refer to this formula as the
“bridge formula.”    

On the morning of July 21, 2008, a
license and weights deputy with the Brazoria County Sheriff’s Department
stopped between eleven and thirteen trucks hauling for Angleton Sand on County
Road 171.  When the deputy asked each
driver whether he had a state or county permit for “heavy hauls” on county
roads, each driver admitted to not having a permit.  The deputy notified the County’s Engineering
Department, i.e., the
department charged with issuing “heavy haul” permits, that the Angleton Sand
trucks were not appropriately permitted.   


That same day, although Angleton
Sand questioned whether any permit was required because none of its trucks
weighed more than the limit posted for travel on County Roads 44 and 171 (48,000
pounds), the company obtained a county “heavy haul” permit for sixteen
trucks.  The “load description sheet”
attached to Angleton Sand’s permit application indicated that all of the trucks
had tandem axles.  Although the load
description sheet included space to designate each truck’s “gross vehicle
weight” and “tandem axle weight,” complete information was given for only
thirteen of the sixteen trucks.  The
“load description sheet” omitted the “tandem axle weight” for three trucks,
and, for two of those three trucks, the “gross vehicle weight” also was not
listed. 

Angleton Sand filed suit against the County, seeking
a judgment declaring that “no permit is required to travel on the state
highways, and designated routes within the county and city.”  Both parties moved for summary judgment.    Angleton Sand filed a combined traditional
and no-evidence motion, arguing that (1) all of the trucks used by the company
were properly permitted and weighed less than the limits posted for travel on
the county roads it used to deliver sand and (2) the County had no evidence the
company had violated any state regulation. 


By its competing traditional motion, the County,
relying on certain provisions of the Transportation Code, asked the trial court
to declare that:

·       
A state permit under section 623.011[[2]] is required on every
vehicle meeting the specifications of section 621.101[[3]] of the Texas
Transportation Code, not one permit for each company; 

 

·       
If a vehicle meeting the specifications of section 621.101 does not have
a state permit, a county permit is required;

 

·       
Angleton Sand Company’s Load Description sheet identified sixteen dump
trucks were being utilized for the job on county road 171; 

 

·       
Every vehicle listed on Angleton Sand Company’s Load Description sheet in
July 2008 met the specifications of section 621.101; 

 

·       
Angleton Sand Company only had two state permits to be operating the dump
trucks on County roads on July 21, 2008;

 

·       
Angleton Sand Company did not have appropriate state permits to be
operating fourteen of the dump trucks identified in the Load Description sheet
on county roads on July 21, 2008; and

 

·       
Angleton Sand Company did not have the necessary Brazoria County Heavy
Haul Permits to be operating on Brazoria County roads on July 21, 2008.

 

Angleton Sand responded to the County’s motion with
a request that the trial court make the following declarations instead:

·       
Brazoria County may require vehicles over 24 tons that do not have a
statewide permit to obtain a county permit;

 

·       
Angleton Sand operates two trucks that are licensed for 24 tons;

 

·       
Angleton Sand’s trucks have statewide permits;

 

·       
So long as Angleton Sand’s trucks have a valid statewide permit, the
County may not require permits for their travel upon the county’s roads;

 

·       
No truck employed by Angleton Sand on July 21 and 22 exceeded 24 tons of
actual weight;

 

·       
No route taken by Angleton Sand on July 21 and 22 was signed to restrict
vehicles of less than 24 tons;

 

·       
All trucks that do not exceed 24 tons, or the legally signed lesser
weight limit, may travel the county’s road without an additional permit from
the County;

 

·       
Disgorgement of all illegally collected fees and costs incurred in
compliance; and

 

·       
An injunction against all further illegal attempts to coerce Angleton
Sand to obtain county permits that are not required under the Texas
Transportation Code.

 

Without making any specific
declarations, the trial court granted the County’s motion for summary judgment
and denied Angleton Sand’s motion.  Angleton
Sand appealed.  

Summary Judgment 

A.      Standard of Review

Both
parties requested that the trial court determine their rights pursuant to
Angleton Sand’s declaratory judgment action. 
Declaratory judgments are reviewed under the same standards as other
judgments.  See Tex. Civ. Prac. &
Rem. Code Ann. § 37.010 (West 2011); City
of Galveston v. Tex. Gen. Land Office, 196 S.W.3d 218, 221 (Tex.
App.—Houston [1st Dist.] 2006, pet. denied). 
We determine the standard of review on appeal by looking to the
procedure the trial court used to resolve the issue.  City of
Galveston, 196 S.W.3d at 221. 
Because the trial court resolved this case on competing motions for
summary judgment, we review the propriety of the declaratory judgment under the
same standards that we apply in reviewing a summary judgment.  Id.

          Our
review of a summary judgment is de novo. 
See Tex. Mun. Power Agency v. Pub.
Util. Comm’n of Tex., 253 S.W.3d 184, 192 (Tex. 2008); City of Galveston, 196 S.W.3d at 221.  Under the traditional summary judgment
standard, the movant must show that no genuine issue of material fact exists
and that judgment should be rendered as a matter of law.  Tex.
R. Civ. P. 166a(c); City of
Galveston, 196 S.W.3d at 221.  In
contrast,         a party is entitled to a
“no-evidence” summary judgment if, after adequate time for discovery, there is
no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i).  We view all
evidence in a light favorable to the nonmovant and indulge every reasonable
inference in the nonmovant’s favor.  City of Galveston, 196 S.W.3d at
221.  When, as here, both parties move
for summary judgment and the trial court grants one motion and denies the
other, we consider both motions, their evidence, and their issues, and we may
render the judgment that the trial court should have rendered.  Id.  But we will neither affirm nor reverse a
summary judgment on grounds not expressly presented to the trial court.  See
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997) (“A motion
for summary judgment must itself expressly present the grounds upon which it is
made, and must stand or fall on these grounds alone.”).       

B.      Scope of the County’s Authority

Both Angleton Sand’s third and fourth issues
challenge the scope of the County’s authority to restrict the operation of
overweight vehicles on its roads, so we consider them together.  In its third issue, Angleton Sand argues that
the County was not entitled to summary judgment because its permitting system
is incongruent with Texas’s regulatory scheme. 
Angleton Sand asserts that the County had no authority to require “heavy
haul” permits for trucks not weighing more than the load limits posted for travel
on the county roads.  Because the load limit posted for County
Roads 44 and 171 was 48,000 pounds, Angleton Sand asked the trial court to
declare that the County had authority to issue a “heavy haul” permit only for
vehicles weighing more than 48,000 pounds and not already having a permit issued
by the Texas Department of Transportation. 
In its fourth issue, Angleton Sand argues that the County further
deviated from the State’s regulatory scheme by requiring trucks to travel a
route other than the shortest route to their destination.  We conclude that these arguments fail.    

The Transportation Code confers the Department of
Transportation with authority to regulate the weight and size of vehicles that
operate on public highways.  See Tex.
Transp. Code Ann. §§ 621.001-623.310 (West 2011). 
With certain limitations, the Transportation Code likewise authorizes
counties, such as Brazoria, to regulate the operation of overweight and
oversize vehicles upon county roads.  See Brazoria Cnty. v. Basin Credit
Consultants, Inc., No. 07-01-0304-CV, 2002 WL 31084700, at *3 (Tex.
App.—Amarillo Sept. 18, 2002, no pet.) (citing Tex. Transp. Code Ann. § 623.018(a) (West 2011)).  Section 623.018 gives express authority to
the commissioners court of a county to issue a permit for “the operation over a
highway of that county other than a state highway or public road in the territory
of a municipality of . . . vehicles or combinations of vehicles that exceed the
weights authorized under Subchapter B, Chapter 621, or Section 621.301.”  Tex.
Transp. Code Ann. § 623.018(a)(2)(B). 
If a vehicle has
already received a “heavy haul” permit from the Department of Transportation, a
county may not require an additional permit for the vehicle to operate on
county roads.  Id. § 623.018(d).  

The County presented summary judgment evidence that,
pursuant to section 623.018, it passed an ordinance establishing weight and
size limits for vehicles traveling on its roads and providing a permitting
system.  Because the weights at which the
County determined a “heavy haul” permit was required are consistent with the
maximum weights authorized “under Subchapter B, Chapter 621” for the operation
of vehicles on public highways, we conclude the County’s permitting system is
congruent with the regulatory scheme established in the Transportation
Code.  Compare Brazoria County, Tx., Order Adopting Procedures and
Regulations Governing Heavy Load Permits and Bonding Requirements, § 5.1.b-c., with Tex. Transp. Code Ann.
§ 621.101(a)(2), (3).    In the provisions pertinent to this
appeal, both the Brazoria County ordinance and the Transportation Code prohibit
the operation of non-permitted vehicles having “a tandem axle weight greater
than 34,000 pounds, including all enforcement tolerances;” or “an overall gross
weight on a group of two or more consecutive axles heavier than the weight
computed using” the “bridge formula.”  Tex. Transp.
Code Ann. §
621.101(a)(2)−(3) (providing weight limits); see
id. § 623.011(a) (providing
permitting requirements); accord Brazoria County, Tx., Order Adopting Procedures
and Regulations Governing Heavy Load Permits and Bonding Requirements, § 5.1.b.-c. 
The County was
therefore entitled to summary judgment on the lawfulness of its permitting system, and we overrule Angleton Sand’s
third issue.  Whether the County conclusively
established that it properly applied its permitting system is a different
matter, which we discuss below. 

Angleton Sand’s fourth issue, asserting that the
County unlawfully required Angleton Sand’s trucks to travel a certain route, is
not preserved for our review.  None of
the various motions for summary judgment or responses asked the trial court to
make a declaration with respect to the lawfulness of the route the County
designated for Angleton Sand’s trucks. 
Neither did Angleton Sand include a challenge to the County’s routing
requirements in its declaratory judgment pleading.  We will not reverse the summary judgment on a
ground not presented to the trial court. 
See Sci. Spectrum, 941 S.W.2d
at 912.  For this reason, we also
overrule Angleton Sand’s fourth issue.  

C.      Evidence of Overweight Vehicles  

In its first issue, Angleton Sand argues that the
County was not entitled to summary judgment because a fact issue exists as to
whether Angleton Sand’s trucks exceeded the maximum weight authorized for
travel on the County’s roads and thus required a permit.  Relying on the “bridge formula” to determine
the “overall gross weight” of a vehicle, Angleton Sand asserts that none of its
trucks was overweight.  See Brazoria County, Tx., Order Adopting
Procedures and Regulations Governing Heavy Load Permits and Bonding
Requirements, § 5.1.c.; accord Tex.
Transp. Code Ann. § 621.101(a)(3).  

The County disagrees that the “bridge formula”
should be used to determine whether Angleton Sand was required to obtain a
“heavy haul” permit.  Instead, the County
asserts that, because the summary judgment evidence established that each of
Angleton Sand’s trucks had a tandem axle weight between 36,000 and 38,000
pounds, a permit was required pursuant to that part of the County’s ordinance
prohibiting operation of vehicles with a tandem axle weight greater than 34,000
pounds.  See Brazoria County, Tx., Order Adopting Procedures and Regulations
Governing Heavy Load Permits and Bonding Requirements, § 5.1.b.; accord Tex. Transp. Code Ann.
§ 621.101(a)(2).   Because
only two of the sixteen trucks operated by Angleton Sand had permits issued by
the Department of Transportation, the County argues Angleton Sand did not have
all “necessary permits to be traveling on Brazoria County roads.”  

Neither party asks us to determine Angleton Sand’s
responsibility for obtaining permits for trucks owned or operated by another
person or entity.  Assuming the County is
correct in that at least fourteen of the trucks hauling for Angleton Sand did
not have a permit issued by the Department of Transportation, the primary
dispute in this case becomes whether those trucks were required to have a
county permit because they were overweight. 
The “load description sheets” were the only evidence presented by the County
of either the gross vehicle weight or the tandem axle weight of the Angleton
Sand trucks.  As shown in the blank form
below, the “load description sheets” included a place for designating both the
gross weight and the tandem axle weight of a vehicle, with the “gross vehicle
weight” being listed in the upper right corner of the form and the tandem axle
weight being the sum of the numbers listed as the “weights” in the columns
marked “2” and “3” (representing the vehicle’s tandem axles).  



A
separate “load description” was given for each of the sixteen trucks for which
Angleton Sand sought to obtain a county permit. 


We reject the County’s assertion that the “load
description sheets” established that all of Angleton Sand’s trucks “had tandem
axle weights between 36,000 and 38,000 pounds thus triggering” the permitting
requirements in the Transportation Code and the County Ordinance.  The “load description sheets” did not provide
any information about the tandem axle weight of the following three vehicles:  







None of the summary judgment evidence presented by
Angleton Sand supplies the information omitted for these three vehicles.  Without evidence of the tandem axle weight of
three trucks, the County could not conclusively establish that Angleton Sand
was required to obtain a county permit for fourteen vehicles because they
exceeded the maximum tandem axle weight authorized by both the Transportation
Code and the County Ordinance.  The load
descriptions for only thirteen of the trucks included the tandem axle weight.

          There
is another fact issue.  The “load
description” sheets do not include the vehicle information number for any of
the sixteen trucks.  Neither does the
permit actually issued by the County include any identifying information on the
vehicles it covers.  Thus, the record
does not establish whether the two trucks for which the County concedes
Angleton Sand had a permit issued by the Department of Transportation were
among the sixteen trucks described in the “load description” sheets and
permitted by the County.  Given the
confusion in the record about the number of trucks at issue, we cannot
determine whether, as Angleton Sand suggests, the County required it to obtain
a permit for vehicles already having permits issued by the Texas Department of
Transportation.

We sustain Angleton Sand’s first issue only to the
extent it complains about the grant of summary judgment in the County’s
favor.  We do not hold that Angleton Sand
was entitled to summary judgment on its competing motion.  The “load descriptions” for two of the three
vehicles discussed above also omit the “gross vehicle weight.”  Without knowing their “gross vehicle
weights,” we cannot determine whether, as argued by Angleton Sand, these trucks
were under the weight at which a permit was required using the “bridge
formula.”  See Tex. Transp. Code Ann. § 621.101(a)(3); Brazoria County, Tx., Order Adopting Procedures and Regulations Governing
Heavy Load Permits and Bonding Requirements, § 5.1.c.  

We do
not consider Angleton Sand’s second issue, alleging a dispute about the proper
application of the “bridge formula,” because our decisions on the remainder of
its issues dispose of this appeal.




 

Conclusion

          We hold that the trial court
did not err in granting summary judgment for the County on the lawfulness of
its permitting requirements.  But,
because the County did not conclusively establish that it properly required
Angleton Sand to obtain permits for fourteen of its vehicles, the trial court erred
in finding that the County properly applied its permitting system in this
case.  Accordingly, we affirm the summary
judgment in part and remand in part for further proceedings consistent with
this opinion.   

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

 

 











[1]
          At the outset, we note several
inconsistencies with respect to evidence of the number of vehicles at issue in
this appeal.  Paragraph eleven of
Peterson’s affidavit may be read two ways: 
(1) to put at issue a total of thirteen trucks, two of which were owned or operated by Angleton Sand and
eleven of which were hired through a service company, or (2) to put at issue a
total of eighteen trucks, two of which were owned or operated by
Angleton Sand and sixteen of which were hired through a service company.  As discussed below, however, the “load
description” sheets attached to Angleton Sand’s county permit application, and
included in the County’s summary judgment evidence, described sixteen trucks,
without any designation of whether or not those trucks included the two that
were owned or operated by Angleton Sand. 
The County’s other summary judgment evidence suggests a different number
still.  The deputy who discovered
Angleton Sand was operating without county permits testified by affidavit that
he initially stopped one truck and then stopped an additional “ten (10) to
twelve (12) trucks,” putting eleven to thirteen trucks at issue.  Yet in its summary judgment motion and on
appeal, the County takes the position that a total of sixteen trucks are
involved in this appeal, i.e., the two operated by Angleton Sand and having the
state permits alleged by Peterson and fourteen other trucks not having
permits.          





[2]
          Chapter 623 of the
Transportation Code establishes a statewide permitting system for vehicles that
exceed the maximum weight limit for operation over public roads.  See Tex. Transp. Code Ann. §§ 623.001-.310
(West 2011).  Section 623.011 states the
requirements for obtaining a permit from the Texas Department of Transportation
authorizing the operation of an oversize or overweight motor vehicle.  See id.
§ 623.011.

 





[3]
          Section 621.101 defines the
weight at which vehicles may not be operated on public highways or at a
port-of-entry to the State from Mexico.  See Tex.
Transp. Code Ann. § 621.101 (West 2011). 
The maximum weights authorized by section 621.101 and relevant to this
appeal are the same as the weights authorized by the Brazoria County
ordinance.  Compare id. § 621.101(a)(2)−(3),
with Brazoria County, Tx., Order Adopting Procedures
and Regulations Governing Heavy Load Permits and Bonding Requirements, § 5.1.b−.c.