**Opinion issued February 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00216-CV

_____

**HAND & WRIST CENTER OF HOUSTON, P.A. AND SCA HOUSTON HOSPITAL FOR SPECIALIZED SURGERY, L.P., Appellants**

**V.**

**MAINTENANCE SUPPLY HEADQUARTERS, L.P., Appellee**

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2010-38690

## MEMORANDUM OPINION

Hand & Wrist Center, P.A. and SCA Houston Hospital for Specialized Surgery, L.P. appeal the trial court's order granting summary judgment in favor of Maintenance Supply Headquarters, L.P., on their breach of contract claim. In three

issues, appellants contend that the trial court erred in granting summary judgment because (1) Maintenance Supply failed to prove each element of its affirmative defense of estoppel; (2) the "exclusive remedies" provision of section 408.001(a) of the Labor Code[1] does not apply to health care providers; and (3) its conclusion that the "exclusive remedies" provision applies to health care providers is contrary to clear legislative intent. For the reasons stated below, we reverse and remand.

## Background

While working at Maintenance Supply on June 29, 2009, Daniel Contreras injured his hand. The assistant operations manager, Edward Gurka, initially took Contreras to one clinic for medical treatment but was directed to another clinic— Hand & Wrist. Once there, Gurka, in his capacity as "OP Manager," signed a Letter of Guarantee which stated in pertinent part, as follows:

> Maintenance Supply Headquarters (hereafter called "the Company") desires that Daniel Contreras (hereafter called "the Patient") receive medical care for injuries sustained on or about 06-29-09. In that regard, the Company hereby agrees to the following. The Company guarantees that it will pay Hand & Wrist Center of Houston, P.A., SCA Houston Hospital for Specialized Surgery, L.P., and Gulf Anesthesia Associates, P.A. (hereafter called "the medical care providers") their usual and customary fees for medical care rendered to the Patient. Payment will be made within 30 days after receiving notice. This Letter of Guarantee may be canceled only with 30 days written notice by either party.
>
> The Medical Providers will not seek additional payment from the Company under this Letter of Guarantee if 1) payment is made by an

---

[1] TEX. LAB. CODE ANN. § 408.001(a) (West 2006).

2

insurance carrier in accordance with the Texas Department of Insurance-Division of Worker's Compensation statutory fee schedule, or 2) payment is made under terms of a Certified Health Care Network's contracted fee schedule, 3) payment is made by a Third Party Administrator's Provider Agreement, if any are in effect, or 4) the Company has workers' compensation insurance with Texas Mutual Insurance Company.

Payment will be made even if the injury is determined to have occurred while the Patient was not at work, or if the injury is not reported to the insurance carrier (if any), or if a claim is not filed with the insurance carrier, by the Employer, in a timely fashion. Payment will be made even if the patient tests positive for drugs or alcohol at the time of the injury.

Any dispute regarding this Letter of Guarantee will be resolved in a Court of Harris County, Texas. Because the Company agrees to pay these fees if and when there is no insurance coverage, then lack of insurance is not a defense to payment of the fees. This Letter of Guarantee is effective upon the date appearing below. This agreement may only be modified or terminated in writing. This agreement is an enforceable contract.

Hand & Wrist and SCA Hospital billed $3,612.62 and $19,138.30, respectively, for Contreras's medical care.

Shortly after his surgery, Contreras received notice from Maintenance Supply's workers' compensation insurance carrier, Hartford Casualty Insurance Company, that his claim for workers' compensation benefits, including medical benefits, was denied due to a positive drug screen at the time of the injury. On October 3, 2010, following a contested case hearing, the Texas Department of Insurance Division of Workers' Compensation also concluded that the injury was

not compensable because of Contreras's intoxication and that Hartford was absolved of liability for the claim.

After Maintenance Supply failed to pay for Contreras's treatment, appellants sued for breach of contract based on the Letter of Guarantee. Maintenance Supply filed Defendant's Motion for Final Summary Judgment on Its Affirmative Defenses, arguing that (1) appellants were estopped from suing Maintenance Supply because it had workers' compensation insurance in effect on the date of the injury, and (2) recovery of workers' compensation benefits is the exclusive remedy available to appellants.[2] The trial court granted this motion.[3] Appellants filed motions to reconsider and for new trial; the trial court denied both motions. Appellants timely filed this appeal.

## Discussion

Appellants' first issue contends that the trial court erred in granting Maintenance Supply's summary judgment motion because it failed to prove each element of its affirmative defense of estoppel. In their second and third issues, appellants argue that summary judgment was improper because the "exclusive remedies" provision of Labor Code section 408.001(a) does not apply to health

---

[2]     Maintenance Supply had previously filed a no-evidence summary judgment motion asserting that there was no evidence to support all of the elements of appellants' breach of contract claim. The trial court denied that motion.

[3]     Maintenance Supply non-suited its counterclaims against appellants.

care providers, and the trial court's conclusion that it does is contrary to the statute's clear legislative intent.

## A. Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A defendant is entitled to summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). The movant bears the burden of proof and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). All evidence and any reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* at 549.

A defendant that moves for summary judgment on an affirmative defense must establish each element of that affirmative defense. *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). Summary judgment will be affirmed only if the record establishes that the movant conclusively proved all elements of its affirmative defense as a matter of law. Tex. R. Civ. P. 166(a); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When, as here, the order granting summary judgment does not state the grounds upon which the trial court ruled, we

must affirm if any of the summary judgment grounds is meritorious. *See Reaves v. Lindsey*, 326 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

### B. Analysis

#### 1. Equitable Estoppel

Appellants' first issue argues that Maintenance Supply failed to present conclusive evidence on all of the elements of its affirmative defense of estoppel and the grant of summary judgment was error. Specifically, they contend that Maintenance Supply presented no evidence showing that appellants made a false misrepresentation or concealed material facts, or that Maintenance Supply had no knowledge or the means of obtaining knowledge of the material facts.[4]

Maintenance Supply, however, argued that it was entitled to summary judgment on two of its affirmative defenses, including "that Plaintiff[s are] estopped from suing Defendant because Defendant had workers compensation insurance on June 29, 2009, the date that David [sic] Contreras was injured." This defense derives from section 408.001(a) of the Labor Code, which provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal

---

[4] The elements of equitable estoppel are (1) a false representation or concealment of material facts, (2) made with the knowledge, actual or constructive, of those facts, (3) to a party without knowledge, or the means of knowledge, of those facts, (4) with the intention that it should be acted on, and (5) the party to whom it was made relied or acted on it to his prejudice. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 515–16 (Tex. 1998).

beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a) (West 2006). Thus, because Maintenance Supply had workers' compensation coverage at the time of the injury, appellants' recovery on their breach of contract claim was barred because section 408.001(a) provides the exclusive remedy in this case. Appellants conflate Maintenance Supply's argument based on "estoppel by statute" with the defense of equitable estoppel, which Maintenance Supply neither raised nor relied upon in the court below. Because the doctrine of equitable estoppel is inapplicable, we overrule appellants' first issue.

## 2. Labor Code Section 408.001(a)

Appellants' second issue contends that the trial court's grant of summary judgment based on the "exclusive remedies" provision of Labor Code section 408.001(a) was error because this provision does not apply to health care providers. Appellants' third issue argues that the trial court's conclusion that the "exclusive remedies" provision *does* apply is contrary to the statute's clear legislative intent. Maintenance Supply maintains that the "exclusive remedies" provision applies to health care providers, and that appellants waived their legislative intent argument because they failed to raise the issue in the trial court. Because these two issues are interrelated, we address them together.

7

An appellate court reviews issues of statutory construction de novo. *Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex. 2011). We look first to the statutory language for the Legislature's intent, and only if we cannot discern legislative intent in the language of the statute itself do we resort to canons of construction or other aids. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 639 (Tex. 2010); *see Molinet*, 356 S.W.3d at 411 (concluding plain meaning of text is best expression of legislative intent unless different meaning is apparent from context or plain meaning leads to absurd or nonsensical results).

Section 408.001(a) of the Texas Workers' Compensation Act provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an *employee* covered by workers' compensation insurance coverage or a *legal beneficiary* against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a) (West 2006) (emphasis added). Section 401.012(a) of the Act defines "employee" as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." *Id.* at § 401.012(a). Subsection (b) further defines the term "employee" to include (1) an employee employed in the usual course and scope of the employer's business who is directed by the employer temporarily to perform services outside the usual course and scope of the employer's business; (2) a person, other than an independent

contractor or the employee of an independent contractor, who is engaged in construction, remodeling, or repair work for the employer at the premises of the employer; and (3) a person who is a trainee under the Texans Work program established under Chapter 308. *See id.* at § 401.012(b). Subsection (c) states that "[t]he term 'employee' does not include (1) a master of or a seaman on a vessel engaged in interstate or foreign commerce; or (2) a person whose employment is not in the usual course and scope of the employer's business." *Id.* at § 401.012(c).

The plain language of these provisions evidences clear legislative intent that the recovery of workers' compensation benefits is the exclusive remedy of an employee (or the employee's legal beneficiary) and does not apply to health care providers. Moreover, we note that a panel of this Court recently reached the same conclusion. In *Hand & Wrist Center of Houston, P.A. v. SGS Control Services, Inc.*, 409 S.W.3d 743 (Tex. App.—Houston [1st Dist.] 2013, no pet.), Hand & Wrist argued that the trial court erroneously relied on section 408.001 in granting the employer's plea to the jurisdiction because the "exclusive remedies" provision applies only to employees and not to health care providers. *See id.* at 753. The Court wrote: "[w]e agree with Hand & Wrist that section 408.001(a) has no applicability to this case . . . ." and then explained that although section 408.001 was inapplicable, it did not change the court's conclusion that Hand & Wrist was required to exhaust its administrative remedies before filing suit. *See id.*

9

In light of the statute's plain language, and this Court's decision in *SGS Control Services, Inc.*, we conclude that the "exclusive remedies" provision of section 408.001(a) does not apply to health care providers, and therefore appellants are not barred from bringing suit against Maintenance Supply to recover payment for the medical services rendered in this case. As such, we hold that the trial court erred in granting summary judgment to Maintenance Supply on appellants' breach of contract claim. Accordingly, we sustain appellants' second and third issues.

**Conclusion**

We reverse and remand the trial court's judgment for proceedings consistent with this opinion.


Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.